### THE CITY OF MANKATO

*vs.*

### THOMAS D. WARREN.

This action having been brought for the purpose of determining whether a certain tract of land in the city of Mankato is a public street or not. The following opinion is an examination of the facts found by the referee (by whom the action was tried) with reference to the inquiry whether they support his conclusion of law, which is that the tract in controversy is a public street by virtue of a common law dedication. The judgment entered in the district court in accordance with the referee's conclusion affirmed.

This is an appeal by defendant from a judgment of the dis-

trict court for Blue Earth county, entered upon the report of a referee. The case is fully stated in the opinion.

WILKINSON & PITCHER, for Appellant.

D. A. DICKINSON, and JAMES BROWN, for Respondent.

*By the Court.*—BERRY, J.—Under the pleadings and stipulation of the parties, this action is to be taken as brought for the purpose of determining whether a certain tract of land lying within the corporate limits of the city of Mankato, and occupied by defendant under a claim of title to the same, is or is not a public street. The case was sent for trial to a referee, upon whose report a judgment was entered in favor of the plaintiff, from which this appeal is taken. As the judgment pursues the findings and the evidence is not returned here, we have only to consider whether the material findings of fact support the material findings of law. And in this view of the question presented the case offers but little difficulty.

The strip of land in controversy is a part of the town of Mankato, which was entered at the United States land office under the " town site act " so called, being an act of congress approved May 23d, 1844. As found by the referee, the entry was made on application and proof submitted March 21st, 1856.

It is not claimed that there was any statutory dedication of the street in question under the statute relating to town plots, but the dedication (if any) was at common law. Now the referee finds: " That the tract in controversy is shown and represented as a street upon the several maps of the town of Mankato, and was from the settlement and occupancy of the said town represented and regarded as a street by the original proprietors of the town and persons owning land adjoining,

and that the tract was up to the fall of 1857, used and occupied as a street by the public and adjoining property holders, so much and so far as the necessity of the public and their convenience required, and that such use had continued for such length of time that the public accommodation and private rights would be materially affected by the loss of the right of enjoyment. That it was a part of no thoroughfare over which travel passed, it having no outlet on the left, being a sort of *cul de sac* opening from Front street, or more properly speaking, a continuation of what is called Hickory street in the said town, extending westerly across Front street, between blocks 6 and 7 of said town, to the west line of said blocks where the land becomes low bottom, subject to overflow. That in the fall of 1857, the south side of the tract in question was obstructed by a barn, though it seems no objection was made to the use of the north side of the tract by the public, and the same continued to be used by the public as a street so far as the necessities and convenience of the public demanded or required until and up to the time the defendant obtained his deed from Judge Branson, trustee, on the 24th day of March, 1860; since that time the defendant has uniformly asserted his right over the tract, and has since that time occupied the premises, either by himself or his tenants, to the exclusion of the public using it as a public street. That such use and occupancy of the street was with the knowledge and acquiescence of all the occupants upon the town site up to the time of filing by Ayers, as hereinafter found, (*i. e.* May 1st, 1858,) and by all occupants except Ayers and his assigns, up to the time defendant received his deed from trustee (March 24th, 1860,) and without objection from any source until that of defendant. That it was the intention of all the occupants upon the town site up to March 21st, 1856 to dedicate the land in question to the purposes of a street

The City of Mankato v. Warren.

so far as they had any interest in the land to dedicate, and that such dedication was accepted by the public for the purpose for which it was the intention to dedicate the same. That the several town plats so far as the land in question is concerned are identical, covering the same ground; and that the town has been built up, occupied and improved in conformity with the Folsom and Bruner plats, the streets, lots and blocks being the same as indicated in these plats, so that these plats so far as that part of the town is concerned represent the town site as it was built and occupied."

The referee further finds : " That lot 5 in block 6, being the tract lying north of the land in dispute was occupied by John Frendhiser and a house built thereon in 1854, which he continued to occupy for three years himself and family, and for five years thereafter by tenants, that at the time he purchased the lot of Mr. Jackson, it was represented as a corner lot, and he always regarded the land lying upon the south, being the land in controversy, as a street, and used it as such. That lot 1 in block 7, adjoining the tract in question on the south was occupied by a house as early as the spring of 1856, by one Mr. Cummings and was sold by him as a corner lot, and buildings have been erected thereon with the view of using the tract in dispute as a street. That Cummings purchased the said lot 1, block 7, of defendant July 2d, 1856. Defendant and wife gave quit-claim deed to Cummings therefor, describing it as lot 1, block 7, in Mankato, according to the recorded plat of said town     *     *     admitted to be the Folsom plat."

From these findings of fact, the referee was amply warranted, we think, in finding as a conclusion of law, as he has done substantially, that the property in question is a public street by virtue of a dedication of the same by the owners thereof and acceptance and use of the same by the public for street

uses. The evidence not being reported, there is nothing in the case so far as we can discover from which it can be shown that the referee is wrong in his opinion (it seems to be hardly more than his opinion,) that the Mankato Claim Company (by the members of which the Folsom and Bruner and some other plats were made) were the " occupants" and therefore owners of all land included in the town site not physically occupied by others, and therefore occupants and owners of the street within the meaning of the " town site act," at the time of the application for the entry March 21st, 1856, and therefore authorized to make a valid dedication of the same. Frendhiser and Cummings, the occupants of the lots adjoining it on either side, did not claim to occupy it, but recognized it as a street. But whether the referee was or was not warranted in this, his opinion as to the occupancy and ownership of the street is altogether unimportant. This is so because he finds that the use and occupancy of the premises, in dispute, by the public as a street, was with the knowledge and acquiesence of *all the occupants upon the town site*, up to the time of the application for entry, (March 21st, 1856,) as well as for some time after, with the intention upon the part of such occupants, to dedicate said premises for the purposes of a street, and that such dedication was accepted by the public for the purpose for which it was the intention to dedicate the same. Now the entry being made on the application and proof submitted March 21st, 1856, as is held in *Coy vs. Coy*, 15 *Minn.* 123, and cases cited, " the entry related back to that time (March 21st, 1856,) and the judge to whom the patent was issued, became thereby seized of said town site in trust for the then occupants thereof." Not only this, but having brought themselves within the terms of the " town site act " these occupants were equitable owners of the town site, that is to say, they had entitled themselves to the same, so that the United States might

properly be said to hold the naked fee in trust for them, they being *owners* in equity of that which the United States was bound to convey to them or to the judge for them, upon proof of their compliance with the law. As such occupants and by virtue of their interest in and ownership of the town site both before and after their application to enter, and the entry, it was entirely competent to bind themselves by a dedication in some sense inchoate and to become absolute and complete upon the entry by the judge, yet, nevertheless a valid dedication, *Village of Mankato vs. Willard*, 13 *Minn.* 26 ; *same vs. Meagher*, 17 *Minn.* 271. In accordance with these views of the law referred to and recognized by the referee it seems to us that the dedication in this case was clearly established. The findings of fact show a designation and devotion of the premises in question by the occupants, *i. e.*, the owners of the town site, for the use of the public as a public street,— an intention (perhaps implied in such designation and devotion,) but at any rate an intention on the part of such owners, to dedicate the same to the public for such use—an acceptance of such dedication by the public—a use by the public of the premises as a public street and a use · continued for such length of time that the public accommodation and private rights would be materially affected by an interruption of the enjoyment. That these facts constitute a valid dedication can hardly be questioned, village of *Mankato vs. Willard, supra;* 2 *Gr. Ev.* § 662 ; *Washburn on Easements, section V.* § § 11, 12, 26, *b.*

It is contended by defendant that the finding, that the tract in dispute "was used and occupied as a street by the public and adjoining property holders, so much and so far as the necessity of the public and their convenience required," is inconsistent with the finding that it was a part of no thoroughfare over which travel passed, it having no outlet on the left, being a sort of *cul de sac*, &c., and that the former finding is so vague that

it ought not to weigh against the latter. "Thoroughfare" is defined as "a passage through, a street or way open at both ends and free from any obstruction." *Worcester's Dict.; Webster's Dict.* With this definition in view, there cannot be said to be an *inconsistency* in the findings; for while the tract in dispute might not be, as it perhaps was not practically a street open at both ends over which travel past, it still might be used and occupied as a street as found by the referee. If the finding is too vague in not designating what the use and occupation consisted of, it should have been made more definite upon a proper application below. When the objection of vagueness is made for the first time in this court, it is to be presumed that the referee was not trifling with his duty, but that his meaning and intent is that there was an *actual* use and occupation by the public and adjoining property holders of the disputed tract as a public street. The finding that the defendant made the necessary proofs before the judge who entered the town site and thereupon received a deed for the same is no more, so far as the matter of proof is concerned, than a finding that he complied with the forms prescribed by law as to making such proof. It can hardly mean that Ayers as assignee of whom defendant made the proof and received the deed, was shown to be an "occupant" for whom the judge was trustee, since it appears elsewhere that Ayers' occupancy commenced long after March 21st, 1856, to-wit: in the fall of 1857. At any rate, in view of the previous finding as to the dedication it could not be claimed that the language "necessary proof" meant anything more than proof necessary to show that defendant was entitled to a deed of the fee subject however to the public easement of a street.

This disposes, we believe, substantially, of the points made by the defendant.

The judgment is affirmed.