### BERNHARD HARTZ vs. ST. PAUL & SIOUX CITY RAILROAD COMPANY.

#### March 2, 1875.

**Complaint for Trespass—Construction of Railroad in Street—Objection to Description of Locus in quo.**—In an action against a railroad company for trespass in constructing and operating its railroad upon a public street in a city, between the centre thereof and plaintiff's adjacent lots, the complaint properly described the lots, and alleged that the trespass was committed thereon, but did not allege plaintiff's ownership of the fee to the centre of the street in front of the lots. The answer admitted, and the evidence at the trial proved, that the road was constructed in the street, but no objection was taken in the court below, on the ground that the complaint failed to describe properly the *locus in quo,* and it appeared that the defendant had not been misled or prejudiced by the description in the complaint. *Held,* that an objection to such description could not be taken for the first time in the appellate court.

**Same—Damages Recoverable.**—In an action for damages for the unlawful construction of a railroad upon his land, plaintiff cannot recover for the depreciation of his property which would result from the lawful construction of the railroad thereon.

Appeal by defendant from an order of the district court for Scott county, *Chatfield,* J., presiding, refusing a new trial. This and the two following cases were actions to recover damages for trespass committed by defendant in constructing and operating its railroad on Second street in Shakopee City, between the centre of the street and the adjacent lots of the respective plaintiffs. The pleadings in all the actions were, so far as material, the same, except as to the description, by lot and block, of the *locus in quo.* The pleadings in the present case are stated in the opinion. In each case, the complaint alleges the trespass to have been committed on the lots of the plaintiff, but fails to allege

plaintiff's ownership of the street in front of the lots—the place where the railroad was in fact built. In each case, the complaint also fails to state anything more than plaintiff's ownership of the lots, the commission of the trespass, and general damages, and contains no allegation of special damages.

*John L. Macdonald*, for appellant.

*L. M. & D. A. Brown*, for respondent.

McMillan, C. J.    The complaint of the plaintiff alleges "that on or about September 20, 1866, he was the owner, and seized and possessed, and ever since has remained such owner, and so seized and possessed of the following described lands and real estate, to wit : a strip twenty feet wide off from the west side of Lot 8, and a strip thirty feet off from the east side of Lot 9, all in Block 33, as the same appears on the plat of Shakopee City, on record in the office of the register of deeds in and for said county of Scott ; and that thereafter, on or about the day hereinbefore mentioned, said defendants, by their agents and servants, without any right or authority therefor, broke and entered said premises, and erected their railroad bed, and laid down upon said premises their railroad ties and railroad tracks, and have ever since said day continued to use said railroad tracks, and have, during all of the time, continued to run their engines, cars and machinery over and across said premises, without any right or authority of law, and in violation of the rights of said plaintiff, and to his damage in the sum of eight hundred dollars."

The answer, after denying each and every allegation in the complaint, for a separate defence alleges "that it has erected and operates its railroad over and upon Second street, in the Shakopee City mentioned in said complaint, and not otherwise, and *which are the acts complained of by plaintiff;* and for a further defence, pleads a license from the plaintiff to enter any portion of said Second street in and to which said plaintiff had any title, and to erect and operate said railroad thereon."

Upon the trial, it was proved by the plaintiff that the defendant's road was constructed and operated upon and over Second street, in front of the plaintiff's premises. No objection seems to have been taken, at any stage of the proceedings in the court below, on the ground that the *locus in quo* was not properly described, and all the testimony offered by either party referred to the same acts and the same locality. It is quite apparent that the defendant was not misled or injured by the description of the premises contained in the complaint, and no objection having been previously taken, the defendant cannot now insist upon the objection to the complaint. Gen. Stat., ch. 66, §§ 100, 101.

The plaintiff, being called and sworn as a witness, testified that his lot was on Second street in Shakopee, and that it was fifty feet front. Plaintiff's counsel then asked the witness, "What was the value of that fifty feet in 1866, at the time the railroad was built?" To which defendant objected as incompetent and immaterial, which objection was overruled by the court, and the ruling duly excepted to by the defendant. The witness then continued: "This property was worth fourteen hundred dollars when they built the road." Counsel for plaintiff then asked the witness the question: "State whether the building of the railroad affects the property so as to increase or diminish its value;" to which defendant objected as incompetent, irrelevant and immaterial, which objection was overruled, and the ruling duly excepted to by defendant. The witness answered: "It has made it of less value." The counsel for plaintiff then asked the witness, "How much damage have you suffered in all, during the last six years, by reason of the road being there?" to which the defendant objected as incompetent and improper, which objection was overruled, and the defendant excepted. The witness answered, "I sued for eight hundred dollars, and that is not one-third of what I have been damaged." And on his cross-examination, the witness stated, "I claim the whole eight hundred dollars asked in the complaint in this action, for damages to the

property, by reason of the depreciation in value, resulting from the location of the railroad opposite my lot,   *   * for damages to my house and lot, by reason of the location of the railroad. The damages are the difference in the value of my property, between what it was worth before the railroad was located, and the present time."

It is apparent that the plaintiff, in stating the damages to his property, bases his estimate upon the lawful and permanent location of the defendant's road in its present location. This was erroneous. The ground of the plaintiff's suit is that the defendant's acts were all wrongful and unlawful. The defendant, therefore, acquired no right to construct and maintain its road where it is, and has not imposed upon the street in front of the plaintiff's lot the servitude of its road, nor can it do so in this action. It will not be presumed, therefore, that the road will be continued, since every continuance of it would subject the defendant to a new action of trespass. The plaintiff, therefore, cannot recover, in this action, for any depreciation in the value of his property which would result from the lawful and permanent location of the defendant's road in the street in front of plaintiff's lot. The exception of the defendant to the ruling of the court admitting this testimony of the plaintiff must be sustained. *Adams* v. *Hastings & Dakota R. Co.*, 18 Minn. 260.

As to the license relied upon by the defendant, the paper-book is silent in respect to the date of its execution and delivery, and upon the latter point there is some evidence tending to show it never was delivered. We do not feel called upon at this time to consider its effect.

For the error in the reception of evidence above stated, the judgment must be reversed.