JOHN A. BRAKKEN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

December 31, 1881.

**Public Streets — Dedication — Acceptance by User.** — In order to the establishment of a public street or highway through a common-law dedication, it is not necessary that any formal act of acceptance by the public authorities be shown. Acceptance may be shown by user by the public, and by an actual assumption of care and control over the street by the public authorities, as by grading or working upon it.

**Same — Obstructions — Action by Abutting Owner.** — The owner of lots abutting on a public street has such a special interest in the street, different from that of the general public, as to entitle him to maintain a private suit for damages against a party who wrongfully obstructs the street in front of or near his property, but not upon his soil, so as practically to cut off all public access to it.

**Same — Measure of Damages.** — The measure of damages in such case is not the diminution in value of the abutting property by the wrongful obstruction, the injury not being to the freehold nor permanent in its nature, but should be confined to compensation for the injury occasioned by the unlawful obstruction up to the time of the commencement of the suit.

**View of Premises by Jury.** — Where a view of the premises is allowed to the jury, such view is not for the purpose of furnishing evidence upon which a verdict is found, but to enable the jury better to understand and apply the evidence given in court. It was, therefore, error to instruct the jury that they might use their own examination and judgment, as well as the judgment of the witnesses, in estimating the damages; following *Chute* v. *State,* 19 Minn. 271.

This action was brought in the district court for Freeborn county, and was tried before *Farmer,* J., and a jury, resulting in a verdict of $700 for plaintiff. The testimony in behalf of plaintiff as to the value of the house and lot ranged from $1000 to $1500. Defendant appeals from an order refusing a new trial.

*John Whytock,* for appellant.

*J. H. Parker,* for respondent.

CLARK, J. This suit was brought for consequential damages, alleged to have been sustained by the plaintiff, from the construction

of the defendant's railroad across a street upon which the plaintiff's residence was situated. The plaintiff's lot fronted four rods on the street, and extended back seven rods. The street did not extend westward beyond the plaintiff's property, but communicated on the east with the streets of the village of Albert Lea, and there was no means of access to his residence, except from the east over this street without passing over private property. The defendant, in the construction of its railroad, made an excavation seven and a half feet deep, and 35 feet wide at the top, diagonally across the street, at a distance of 35 feet at the nearest point from the line of the plaintiff's lot, and not intruding upon his soil. The approaches to the railroad were not graded, and the excavation cut off all convenient access to the plaintiff's lot, and rendered it practically inaccessible except over private property. The plaintiff claimed that at the time of the construction of the railroad this street was, and now is, a public street, having been dedicated to the public and accepted as such. The defendant insisted that it was private property, and that neither the public nor the plaintiff had any easement in it, and that, if it was a public street, the plaintiff had not shown any special injury to himself from its obstruction different from that sustained by the general public.

As there must be a new trial for errors hereinafter mentioned, we deem it sufficient to say upon these questions that no formal act of the corporate authorities, by way of accepting a street dedicated by the owner of the soil, is necessary to its establishment as such. A common-law dedication of a street or highway may be shown by the acts of the owner of the land indicating an intention to dedicate, and acceptance may be shown by user by the public, and by an actual assumption of care and control by the public authorities, as by grading or working upon it. We are of opinion that the evidence was sufficient to justify the jury in finding that the street in question was a public street. *City of Mankato* v. *Warren,* 20 Minn. 144; *Kennedy* v. *Le Van,* 23 Minn. 513.

With reference to the other point, it is well settled that the owner of lots abutting on a public street, whether he owns the soil to the centre of the street or not, has a special interest in the street differ-

cut from that of the general public. It may not be very important to the general public whether they shall be able to get to the private property of an individual, but it is important to the individual whether he should be able to get to and from his residence or business, and whether the public have the means of getting there for social or business purposes. If there be an obstruction in the street in front of or near his abutting property, so as to prevent access to it, the damage which he sustains is different, not merely in degree, but in kind, from that experienced in common with other citizens, and he may maintain a private action for the special injury to him, notwithstanding there is also a remedy in behalf of the public. In most of the cases which have arisen, the obstruction in the street was immediately in front of the lot of the party complaining of it, but the reason of the rule, and therefore the rule itself, extends to the case of any obstruction which cuts off all means of public access to the plaintiff's lot. *Wilder* v. *De Cou*, 26 Minn. 10; *Lackland* v. *North Missouri R. Co.*, 31 Mo. 180; *Hawley* v. *Mayor of Baltimore*, 33 Md. 270; *Park* v. *Chicago & S. W. R. Co.*, 43 Iowa, 636; *Bissell* v. *New York Cent. R. Co.*, 23 N. Y. 61.

The second branch of the case relates to questions of damages. At the request of the plaintiff's counsel the jury were allowed to view the premises. The court instructed the jury: "You, gentlemen of the jury, have examined the premises for the purpose of coming to an opinion. You are to use your own examination and judgment, as well as the judgment of the witnesses, in estimating the damages. Some of you are, perhaps, as well qualified to determine that as some of the witnesses who have been called here." The defendant excepted to this instruction. In *Chute* v. *State*, 19 Minn. 271, 281, it is said: "The view is not allowed for the purpose of furnishing evidence upon which a verdict is to be found, but for the purpose of enabling the jury better to understand and apply the evidence which is given in court." The instruction made the independent judgment of each juror, derived from the view, an element in arriving at the amount of the damages, without its being introduced into the case for the benefit of the others, or for the information of the parties liti-

gant, and was clearly obnoxious to the objections pointed out in the case last cited.

The plaintiff offered evidence of the diminution in value of the plaintiff's lot, caused by the construction of the defendant's railroad across the street in the position and manner above described, which testimony was received, under the defendant's objection that it did not contemplate the proper measure of damages. The objection was well taken. The evidence must have been received upon the theory that the injury to the plaintiff's property was in its nature permanent. This leads us to inquire what the real injury is of which the plaintiff has a right to complain. The action is not for damages for a permanent injury to the plaintiff's freehold, but for consequential damages from a wrong which may be remedied. Although the manner of the defendant's incorporation does not appear in the record, it is safe to assume, for the purposes of a new trial—what is well known—that it was created by special charter, and further that such charter contained the usual provisions authorizing the company to construct its railroad across public streets and highways in a proper manner, so as to leave them in a proper condition for public travel. The grant of a franchise to construct and operate a railroad from point to point would probably include the right to cross highways and streets between such points, in such proper manner, without any special provisions on the subject. The fact of the construction of the railroad across the street is not, therefore, the ground of the injury. The plaintiff has no right to complain of that. It is the improper manner of construction, or the improper condition in which the street was left, that gives rise to the plaintiff's right to damages. It is not to be presumed that the street will be suffered to remain for all time in such improper condition. If, therefore, damages shall be allowed to the plaintiff, on the theory that the present improper state of things is to last, and at any future day the crossing should be put in a proper condition by the company, acting upon their own volition or in pursuance of the requirement of the public authorities, the ground of the plaintiff's injury will be removed, while he will have received full damages for its continuance.

We conceive the true measure of the plaintiff's damages to be compensation for the injury sustained by him from the improper condition in which the crossing ,was left by the defendant; or, in other words, the difference between the fair rental value of the property with the railroad crossing in its present improper condition, and its rental value with the crossing in a proper condition,—the damages to be limited to the time of the commencement of the suit. If the injury shall continue, the plaintiff will be entitled to successive actions for his damages. *Hopkins* v. *Western Pac. R. Co.,* 50 Cal. 190; *Frith* v. *City of Dubuque,* 45 Iowa, 406; *Cumberland & Oxford Canal Co.* v. *Hitchings,* 65 Me. 140; *Hatfield* v. *Central R. Co.,* 33 N. J. Law, 251; *Bare* v. *Hoffman,* 79 Pa. St. 71; *Pinney* v. *Berry,* 61 Mo. 359; *Savannah & Ogeechee Canal Co.* v. *Bourquin,* 51 Ga. 378; *Francis* v. *Shoellkopf,* 53 N. Y. 152. In the case of a direct trespass, not permanent in its nature, or of the invasion of a private incorporeal right, like a private right of way, we conceive the same rule of damages would obtain. The title or right to the permanent use of the property would not pass by the suit for damages, and the recovery should; therefore, be limited to the damages accrued up to the time of the commencement of the suit. *Adams* v. *Hastings & Dakota R. Co.,* 18 Minn. 260; *Hartz* v. *St. Paul & S. C. R. Co.,* 21 Minn. 358; *Sherman* v. *Milwaukee, L. S. & W. R. Co.,* 40 Wis. 645; *Anderson, etc., R. Co.* v. *Kernodle,* 54 Ind. 314; and cases cited *supra.*

For the errors above indicated the order denying a new trial is reversed, and a new trial granted.