JOHN A. BRAKKEN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

July 17, 1883.

Railroad Crossing — Injury to Abutting Owner — Measure of Damages.—*Brakken* v. *Minn. & St. L. Ry. Co.*, 29 Minn. 41, followed, as to the rule that the proper measure of damages for the obstruction of plaintiff's right of way is the difference between the fair rental value of plaintiff's property with the crossing obstructed, and its rental value with the same unobstructed. *Held, also,* that the applicability of this rule is not affected by the fact that the property was occupied by plaintiff himself, and not rented.

Immaterial Errors.—As to other questions in the case, it is considered that, though there may have been some technical erorrs, there are none sufficiently important or material to affect the substantial justice of the verdict.

Plaintiff brought this action in the district court for Freeborn county, for damages alleged to have been sustained from the construction of defendant's railway across a street or road on which his residence was situated, his lot fronting four rods thereon, and extending back seven rods. The street did not extend westward beyond his lot, but connected, on the east, with the streets of the village of Albert Lea, and there was no means of access to his residence from the east, except over this street or road, without passing over private property. The defendant, in building its railway, made a cut diagonally.

across this street or road, 35 feet distant, at the nearest point, from plaintiff's lot.   This cut was seven and one-half feet deep and 35 feet wide at the top.   The approaches to the railway, which was built in the cut, were not graded, and thus all convenient access to plaintiff's lot was cut off, and it was made practically inaccessible except over private property.   The excavation was made and the railway built in 1877.   The defendant, in its amended answer, denied plaintiff's title to the lot, alleged title in fee in itself to the land occupied by the excavation, and denied the existence of any easement therein for the public or the plaintiff.

After the decision of a former appeal (reported, 29 Minn. 41,) the cause was retried before *Farmer*, J., and a jury.   At this trial it appeared that one Lucius P. Wedge once owned in fee the plaintiff's lot, the place of the excavation, and the intervening and adjacent property, and died seized thereof, in 1858, his widow, Mary F. Wedge, (afterwards, by remarriage, Mary F. Armstrong,) and his only son, Clarence, being his sole devisees of all such real estate. In 1874, Mrs. Armstrong, (being then a widow,) as executrix, sold and agreed to convey to plaintiff the lot described in his complaint, and he at once entered into possession, and built thereon a house in which he has since resided.   In the contract of sale the lot is described by metes and bounds, without reference to any street or plat; but there was evidence that, in the negotiations for the sale, Clarence Wedge (who negotiated it) exhibited to plaintiff a plat showing a street or road in front of and extending eastward from the lot, as alleged in the complaint, and stated to the plaintiff that this street was dedicated to public use.   In January, 1878, Mrs Armstrong and Clarence Wedge, for a full consideration, conveyed in fee to the plaintiff the strip in which the excavation was made, with covenants of warranty and against incumbrances.   There was much evidence introduced upon the question whether Mrs. Wedge and Clarence had ever made a valid dedication of the land in the alleged street to public use, and upon the question of the existence of any easement thereon in favor of plaintiff, and many exceptions were taken to the rulings upon the admission of evidence and to the action of the court in giving and refusing instructions.   The jury returned a ver-

dict of $250 for plaintiff, a new trial was denied, and the defendant appealed.

J. *Whytock* and *J. D. Springer*, for appellant.

J. *H. Parker*, for respondent.

BERRY, J.[1] Upon mature consideration of all the proceedings in the court below, we see no substantial reason for disturbing the order refusing a new trial in this case. Upon the whole, the result was sustained by the evidence; and, though there may have been technical errors in the proceedings, there are none sufficiently important or material to affect the substantial justice of the verdict. The plaintiff, in his complaint, claimed an easement in a certain street or road, from the enjoyment of which he was cut off by defendant's track excavation. We can conceive of no reason why he might not establish his easement by proof either of a public or private street or road. He seems to have introduced evidence upon the basis that if he failed to prove one, he might succeed in proving the other, and that it would be sufficient if he established either. There was evidence from which either might have been found by the jury. Upon this point it must be borne in mind that Mrs. Mary F. Wedge (afterwards Armstrong) and Clarence Wedge *were the sole heirs-at-law* of Lucius P. Wedge, and *the sole devisees under his will* of the real property to which the present controversy relates. To our minds this is a fact of capital importance in this case. It gives great force and significance, by way of estoppel, acquiescence, and ratification, to the acts and conduct of Mrs. and Clarence Wedge, and in support of the plaintiff's claim of easement. It makes much evidence, otherwise, perhaps, of doubtful competency and materiality, clearly applicable to the issues in the case.

In reference to the matter of damages on account of the defendant's obstruction of plaintiff's way, this court, when this case was here before, (29 Minn. 41, 45,) defined the proper measures of damages to be "the difference between the fair rental value of the property with the railroad crossing in its present improper condition, and its rental value with the crossing in a proper condition." The ap-

[1] Mitchell, J., being absent during the argument, took no part in this case.

plicability of this rule of damages is in nowise affected by the fact that the property was not rented, but was occupied by plaintiff himself.    As applied to that state of facts the rule is not unfair nor unjust.

With reference to the charge, we are of opinion that, taken as a whole, and as applicable to the material issues and material facts in evidence, it instructed the jury with substantial correctness.   It perhaps contains some inaccuracies as to matters not important in this case, and others which might be more or less material were they not corrected in other places.   The court was evidently endeavoring to make the applicable rules of law clear to the minds of the jury, and, in an effort to do this, a charge not infrequently becomes unnecessarily diffuse; and, in restating and illustrating propositions of law, it often fails to repeat every qualification necessary to accuracy.   But common fairness and common sense require that a charge should be considered as a whole, and if, upon such consideration, it is found to instruct the jury with substantial correctness, it ought to stand.

Order affirmed.