JOHN A. BRAKKEN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

November 25, 1884.

Continuing Injury—Former Judgment not a Bar.—A former recovery between these parties considered, and *held* not to bar a recovery in this action.

Evidence—Presumption of Law.—Evidence to prove that which the law presumes is harmlessly immaterial.

Plaintiff brought this action in the district court for Freeborn county, to recover damages for the maintenance and continuance by defendant from August 24, 1880, to July 20, 1883, of the excavation and cut complained of in *Brakken* v. *Minn. & St. L. Ry. Co.,* 29 Minn. 41; 31 Minn. 45, and, after a trial before *Farmer,* J., and a jury, had a verdict for $400 damages. Defendant appeals from an order refusing a new trial.

*J. D. Springer* and *Whytock & Todd,* for appellant.

*J. H. Parker,* for respondent.

BERRY, J.[1] This is an action for damages accruing to plaintiff from the wrongful continuance *after August 24, 1880,* of the excavation

---

[1] Mitchell, J., not having heard the argument, took no part in this decision.

described and complained of in a case between the same parties which came to this court upon appeal and is reported in 29 Minn. 41; 31 Minn. 45. The defendant contends that by the recovery had in the former action, upon the new trial granted by this court, the subject of the present action is *res adjudicata*, and a recovery therein therefore barred. Upon the appeal in the former action this court determined that "the action is not for damages for a permanent injury to the plaintiff's freehold, but for consequential damages from a wrong which may be remedied," and that "the recovery should, therefore, be limited to the damages accrued up to the time of the commencement of the suit;" and that, "if the injury shall continue, the plaintiff will be entitled to successive actions for his damages." The damages which had accrued up to the time of the commencement of the former action were thus determined to be the only damages properly recoverable in that action.

In the absence of a competent showing to the contrary, the familiar presumption in favor of the correctness of judicial proceedings would necessarily lead to the conclusion that the damages actually recovered in the former action were such only as were thus properly recoverable,—viz., such as accrued before August 24, 1880, when that action was commenced,—and therefore not the damages sought to be recovered in the action at bar; and while, in the absence of the showing to the contrary spoken of, it would be wholly unnecessary to adduce evidence to prove that the damages were properly limited, evidence to that effect would be harmlessly immaterial, for it would only go to prove that which the law would presume without it. *Illingworth* v. *Greenleaf*, 11 Minn. 154, (235.) These considerations dispose of the case without need of further detail.

Order·affirmed.