SUSAN C. BALDWIN *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

July 7, 1886.

**Measure of Damages—Permanent Injury to Land.**—*Karst* v. *St. Paul,
S. & T. F. R. Co.*, 22 Minn. 118, as to the rule of damages for a permanent injury to real estate, followed.

Appeal by plaintiff from an order of the district court for Goodhue county, *Crosby*, J., presiding, refusing a new trial.

*W. C. Williston* and *W. Colvill*, for appellant, cited *Adams* v. *Hastings & Dakota R. Co.*, 18 Minn. 236, (260;) *Brown* v. *Cayuga, etc., R. Co.*, 12 N. Y. 486; *Brakken* v. *Minn. & St. L. Ry. Co.*, 29 Minn. 41; s. c., 31 Minn. 45; *Carli* v. *Union Depot Co.*, 32 Minn. 101; *Hartz* v. *St. Paul & S. C. R. Co.*, 21 Minn. 358; *Carl* v. *Sheboygan, etc., R. Co.*, 46 Wis. 625; *Blesch* v. *Chicago & N. W. Ry. Co.*, 43 Wis. 183; Sutherland on Damages, 369 and note.

*William Gale*, for respondent.

GILFILLAN, C. J.    The plaintiff's house and lot are on one side of a street in the city of Red Wing, the track of defendant on the other side, the surface of the street sloping down from plaintiff's to defendant's side.    November 1, 1882, the defendant, as plaintiff alleges, wrongfully entered on, and made large excavations in, the street, between her lot and the track, causing the earth in the street to slide into such excavations, and destroying the carriage-way in said street by which she, prior thereto, had access to her premises, rendering them unsafe for occupation, and diminishing their rental value in the sum of $19 per month.    Treating the wrongs as a continuing trespass, she sues to recover this diminution in rental value, alleging no other damages.    On the trial the plaintiff waived any claim to nominal damages, and, claiming to recover only the diminution in rental value, offered evidence to prove such diminution, which, on defendant's objection, was excluded; and, no damages being proved, the court directed a verdict for defendant.    In both these rulings the court was right,—in the latter, because, no actual damages having been proved, the most

that could in any event have been recovered was nominal damages; and, having waived her claim to those, the plaintiff could not recover them.

The plaintiff refers to *Brakken* v. *Minn. & St. L. Ry. Co.*, 29 Minn. 41, 31 Minn. 45, and 32 Minn. 425, (11 N. W. Rep. 124, 16 N. W. Rep. 459, and 21 N. W. Rep. 414,) as establishing the proper rule of damages for the case. That was a case of what is called a "continuing wrong," in which, the injury being to real estate, the court held the rule of damages to be the diminution in the rental value. The railroad company having in that case the right to construct and maintain its railroad across the street, the wrong consisted in the improper construction of it, and the improper condition in which it left the street, the company continuing to maintain and keep the crossing in that improper condition. As the company had a right to, and might, at any time, remedy the wrong, the court held it improper to assess the damages on the assumption that it would be permanent, and that they ought to be measured as they might accrue, from time to time, until the company should remedy the wrong. In this case the wrong was at once fully completed, and the injury permanent. The *locus in quo* not being in possession of defendant, and it not having the right to re-enter on the street to fill the excavation, damages are not to be assessed on the supposition that it may do so, but the entire damage is to be measured by the condition in which, when completed, it left the property. The case comes within the decision in *Karst* v. *St. Paul, S. & T. F. R. Co.*, 22 Minn. 118, in which the proper measure of damages, upon a wrong precisely like that in this case, was held to be the diminution in the value, not of the rental, but of the property. The diminution in the rental value was not recoverable.

Order affirmed.