BARTHOLOMEW HAYES *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

June 20, 1891.

Obstruction of Street by Railway — Action by Land-Owner — Damages.—Rule in *Brakken* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 41, that where a railway company wrongfully obstructs a street, whereby all access to one's lot is cut off, it is a case of special or particular injury to the owner of the lot, so that he may maintain an action, followed; and it does not affect the right of action, though it may the amount of damages, that the obstruction is not continuous, but only occasional, for several hours at a time.

Appeal by defendant from an order of the district court for Ramsey county, *Kerr*, J., presiding, overruling a demurrer to the complaint in an action to recover $6,500 damages sustained by plaintiff by reason of the defendant obstructing a street in St. Paul and thereby obstructing the access to plaintiff's premises.

*J. H. Howe* and *S. L. Perrin*, for appellant.

*J. W. Pinch*, for respondent.

GILFILLAN, C. J. The case stands on a demurrer to the complaint. According to the complaint, Greenbriar avenue, in the city of St. Paul, runs north and south. The defendant's road, running east

and west, crosses that avenue. The plaintiff owns lots on the avenue north of defendant's road. The only practicable way of access to the lots is along the avenue, crossing the railroad from the south, the avenue being to the northward practically a *cul de sac*. The defendant has nearly every day, and for several hours at a time, obstructed the avenue by leaving its cars standing upon and across it, so as to prevent passage along it, and cutting off access to the lots. The case does not differ in any particular going to the right of action from *Brakken* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 41, (11 N. W. Rep. 124,) in which it was held that, where a wrongful obstruction in a street prevents access to one's property, the injury he sustains is different, not only in degree, but in kind, from that sustained by the general public, and he may have an action for such injury. All the decisions in this court have recognized that principle. The only difference between that case and this is in respect to the time of continuance of the obstruction, and that goes only to the amount of the damages.

Order affirmed.