## ALFRED D. ALDRICH *vs.* THEODORE WETMORE.

Submitted on brief by appellant, argued by respondent, Dec. 6, 1893. Affirmed Dec. 28, 1893.

No. 8518.

**Causes of action for noxious vapors, and for obstructing street may be united.**

A cause of action for injuries resulting from noxious vapors from a cesspool or stagnant water suffered to remain on his premises by the owner, in an excavation thereon made by him, may be united with one for damages from depositing dirt or rubbish removed from such excavation, and deposited in the street in front of the adjoining premises.

Complaint construed.

The allegations in the complaint *held* sufficie⁻ ᵤ to admit evidence of the effect of the nuisance in question, as respects the interference with the comfortable enjoyment and use of the adjoining premises by the owner as a place of abode, and with the business carried on by him there.

Assignments of error without merit.

Other assignments of error considered, and *held* to be without merit.

Appeal by defendant, Theodore Wetmore, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made July 6, 1893, denying his motion for a new trial.

The plaintiff, Alfred D. Aldrich, for a first cause of action stated that he had for three years carried on the business of a barber on the ground floor at No. 105 Second Street South in Minneapolis, and lived with his family in the second story. That defendant owned the adjoining lot on the south, and on May 5, 1891, took up the sidewalk in front of it, and excavated a cellar on his lot and under the sidewalk, and deposited the earth in the street in front of both his lot and plaintiff's shop, whereby the sidewalk and street were obstructed, travel prevented, and the surface water collected and detained in front of plaintiff's shop and in the excavation. That on this account plaintiff lost many of his customers, and the value of his business was impaired.

For a second cause of action plaintiff stated that by this excavation on Wetmore's lot, an old privy vault and cesspool were uncovered and exposed. That noxious and offensive exhalations have since arisen therefrom and pervaded his premises and the vicinity, and prevented his customers from coming there, and have seriously interfered with the comfortable enjoyment of his shop and residence. He demanded judgment against Wetmore for $2,000 damages. Wetmore answered that he procured a permit to build a brick store on his lot, and made a contract with Seymour & Hart to excavate the cellar and build the stone wall; that they did the work as speedily as was practicable, and restored the sidewalk within two weeks. He denied that he left earth in the street, and also denied all the other allegations of the complaint.

The case was first tried on May 3, 1892, when defendant had a verdict upon the issue submitted to the jury. This verdict was set

aside by the trial court and a new trial ordered. Defendant appealed, but the order was affirmed. 52 Minn. 164. A second trial was had on May 8, 1893, when plaintiff had a verdict for $500. The Judge instructed the jury that neither the pleadings or the proofs were sufficient to entitle the plaintiff to recover anything except for injury to his business and inconvenience to, and suffering by, himself in conducting it. So far as the noxious smells and stench affected the house, the damages would be the difference in rental value with, and without them. That upon rental value there was no proof. So far as the smells and stench affected his wife, he could not recover, as she was not a party to the action.

The defendant made a case containing all the evidence and the charge of the Court and his exceptions. It was settled, signed and filed. On it and the pleadings and files he moved for a new trial for errors in law occurring at the trial and excepted to by him. The Court refused the application and he appeals.

*Cobb & Wheelwright,* for appellant.

*Charles L. Smith,* for respondent.

VANDERBURGH, J.   The grounds upon which actions of this character may be sustained were considered in our former decision, reported in 52 Minn. 164, (53 N. W. 1072.)

The plaintiff was not obliged to elect to confine himself to the prosecution of one of the causes of action alleged, which are (1) the injury resulting from the foul exhalations from an old privy vault left in the excavation made by defendant next to plaintiff's premises, and from the stagnant water therein; and also (2) the alleged obstruction caused by defendant's depositing earth and debris from the excavation in the street and on the sidewalk in front of plaintiff's premises, whereby the access to the same was obstructed and rendered inconvenient.

The elements of damage submitted by the court to the jury, upon the evidence, were the interference with the comfortable enjoyment of his property by the plaintiff, and the extent his business was interfered with through the loss of custom. The court withdrew from the jury the consideration of any damages suffered by plaintiff's wife, or other members of his family. We think the charge sufficiently favorable to the defendant.

The defendant claims that under the pleadings no evidence of personal discomfort or suffering on account of the noxious odors should have been received or considered. The complaint might be improved in form, but it is sufficient. It shows the situation of his premises in proximity to the excavation complained of, the noxious and sickening nature of the exhalation, and its continual diffusion in and through plaintiff's house and place of business; and the same is alleged to be a "nuisance seriously interfering with the comfortable use and enjoyment of said building by plaintiff as a place of abode, and with the proper use thereof by him in the conduct of his business," to his damage in the sum named.

Evidence of the nature and extent of the discomfort and inconvenience suffered by him, and the effect upon him, was proper. The testimony of the plaintiff's wife, to the same effect, was also objected to. It was competent for the purpose of showing the nature of the nuisance, and its effect upon the occupants of the house; and the court so limited it, and under the charge of the court her personal damages were eliminated from the case.

Upon the question of the loss of custom and the injury to the business of the plaintiff, who was a barber, a witness was permitted to state, over defendant's objection, that about one-half of the customers left. He testified to the bare fact that plaintiff's business fell off, and that the customers left, without stating the cause.

We think it was a fact for the jury to consider in connection with the evidence of the nature of the nuisance. But whether objectionable as incompetent, being the principal ground stated, or not, its reception was without prejudice, because the plaintiff was thereafter allowed to show from his books, without exception, just what the loss from this decrease in business was. It was certainly a natural result from the cause stated, and it was for the jury to say whether, and to what extent, the loss of business was attributable to such cause. See *Goebel* v. *Hough*, 26 Minn. 256, (2 N. W 847.)

As the action proceeds upon the ground that the defendant caused and continued the nuisance, it is no bar to the recovery of damages that the plaintiff did not make complaint to the defendant of or concerning the nuisance. Nor was it proper evidence in chief, on the part of the defendant, that the plaintiff had brought a former action, in which only one of the causes of action embraced in this complaint

was included, though inquiry touching both these matters might have been proper upon the cross-examination of the plaintiff.

Order affirmed.

(Opinion published 57 N. W. Rep. 221.)

