Shauck, J.
The subject of the effect to be given to the observations of juries upon view has evoked much apparent conflict of opinion. An extended collection of cases upon the subject may be found in Thompson on Trials, sections 875 to 902, inclusive; and that author’s conclusion is relied upon for a reversal of the judgment in this case. That conclusion is, however, seriously discredited by the fact that the subjective effect of the author’s consideration of the cases was to lead him to deplore “the effect which is produced upon the law by the effort of trained minds to reduce its rules to scientific precision.” A treatise upon the subject, written for the purpose of carrying that process of reduction yet further, might well show that cases apparently in conflict are not really so be *346 cause some are civil actions and others proceedings to appropriate property in the exercise of the right of eminent domain, and because the conclusions of courts have been affected by a variety of statutory provisions.
In this case the view of the property was ordered by the trial court pursuant to section 5191, Rev. Stat., which provides:
“The court, when of opinion it is proper for the jurors to have a view of the property which is the subject of litigation, or of the place in which any material fact occurred, may order them to be conducted in a body, under the charge of an officer, to the place, which shall be shown to them by a' person appointed for that purpose; and while the jurors are thus absent, no person other than the person so appointed, shall speak to them on any subject connected with the trial. ”
The terms of the statute leave it to the discretion of the trial judge whether the view shall be had or not. Such has been the uniform course of decision. It is not to be supposed that the legislature intended that the observations of juries upon the view should have probative effect in determining the issues of fact joined between the parties, and yet leave to the judge discretion to prevent the taking of the view. It is the right of the party to have all competent evidence submitted to the consideration of the jury. No reason appears for holding that the court erred in limiting the effect of a view which it might have prevented.
The provisions of our statutes relating to practice authorize motions for new trials whereby the weight of the evidence may be made a question of law for the court, and for the signing of bills of exceptions containing all the evidence to the end *347 that there may be, in the circuit court, a review of the decision of the trial court upon the question so made by the motion for a new trial; and the bill so taken may be presented to this court for the purpose of calling upon it to decide whether there was any evidence to support the verdict and the judgment which followed it. It is evident that all these purposes, clearly provided by the statutes, would be defeated if the observations of the jury while taking the view should be regarded as evidence.
Under statutes identical with our own, the view of the jury has been held to be, not for the purpose of obtaining evidence, but for the purpose of better understanding the testimony offered in open court subject to the rules of law as to its competency and effect, and by witnesses subject to cross-examination. Close v. Samm, 27 Iowa, 503; Brakken v. Railway Co., 29 Minn., 41. In the interpretation of statutes not appearing to be substantially different the same conclusion was reached in Railroad Co. v. Bowen, 40 Ind., 545, and Wright v. Carpenter et al., 49 Cal., 607.
The difference between-the effect of the view taken by the jury in civil actions and a view taken in special proceedings under statutes is made clear by section 4467, Revised Statutes, relating to the trial in the probate court in proceeding’s to establish ditches:
“The probate judge shall administer to the jurors an oath, faithfully, impartially and to the best of their ability, and from actual view of the premises along’ the whole route of the improvement, to examine and determine the particular matters appealed from, and to render a true verdict according to the facts appearing’ to them from actual view of the premises, and the evidence, *348 under the charge of the court. ’ ’ The provisions of this section were the ground for the holding in Williams v. Lockoman, 46 Ohio St., 416. It discriminates between the facts observed by the jury upon a view and evidence, and the obvious inferences to be drawn from the case last cited justified the refusal and the instruction here questioned.

Judgment affirmed.