# ALVRO C. WORDEN v. CHARLES BIELENBERG.[1]

November 15, 1912.

Nos. 17,647—(34).

**Real property — permanent injury — temporary injury.**

> A permanent injury to real property, as distinguished from a temporary
> or continuing injury, is one of such a character, and existing under such
> circumstances, that it will be presumed to continue indefinitely. A tem-
> porary or continuing injury is one that may be abated or discontinued at
> any time.

**Trespass — measure of damages.**

> The trespass complained of in this action, the excavation in the street
> adjacent to plaintiff's property, to a depth substantially on the grade estab-
> lished by the city, *held* a permanent and not a continuing injury, and that
> the measure of plaintiff's damages is the diminution in the market value of
> his property.

Action in the district court for Ramsey county to recover $650
damages for obstructing a street and cutting off access to plaintiff's
house. The facts are stated in the opinion. The answer alleged that
Robie street extended in an easterly and westerly direction and
crossed Gorman and Livingston avenues; that Robie street and Liv-
ingston avenue were covered by a thick bed of limestone and that
for some years defendant had been engaged in quarrying the lime-
stone from the properties owned by him; that pursuant to the au-
thority granted by the common council to grade Livingston avenue
at his own expense, defendant quarried stone from and graded Liv-
ingston avenue to the established grade; that the grade of Robie street
between Gorman and Livingston avenues had never been established;
that he had taken out most of the rock from that part of Robie street
lying between plaintiff's property and Livingston avenue, and that
no part of Robie street lying between plaintiff's property and Living-
ston avenues had been graded or excavated below what necessarily

[1] Reported in 138 N. W. 314.

must be the established grade of Robie street. The reply was a general denial. The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for $450. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*R. G. O'Malley,* for appellant.

*O. E. Holman,* for respondent.

BROWN, J.

Plaintiff owns a lot in the center of block 87, West St. Paul, which he occupies with his family as a residence. The lot fronts on Robie street. Defendant owns all the lots in this block to the east of plaintiff's lot and up to the line of Livingston avenue, and also all the lots west of plaintiff's property; all fronting on Robie street. All the property, including the adjacent streets, is underlaid with a deposit of limestone, of marketable value. In 1885 the city council by appropriate proceedings established the grade of Livingston avenue at two feet below the natural level of the ground; and in 1905 the grade of Gorman avenue, to the west of the block, at about twenty feet below the natural level of the ground. The grade of Robie street, fronting plaintiff's property, and extending between Livingston avenue and Gorman avenue, has never been officially established or changed from the natural level. Defendant, under what he claims constituted lawful authority from the city council, the validity of which is not now material, excavated Livingston avenue and removed therefrom all the limestone to a depth of about eighteen feet. This was sixteen feet below the established grade. He also removed the stone from his own land to the same depth, up to the line of plaintiff's property. Thereafter the city council re-established the grade of that street to correspond substantially with defendant's excavation. Defendant also removed the stone from Robie street up to the line of plaintiff's lot. He presented on the trial no authority for this action, from the city council or otherwise, and his conduct was therefore wrongful and unlawful. By reason of the excavations so made by defendant, and by others upon the other side of the block, plain-

tiff's access to his property has been interfered with, and the natural conditions wholly destroyed.

Plaintiff brought this action for damages, alleging the wrongfulness and unlawfulness of the acts of defendant. At the trial below it was contended that the injury and wrong complained of was continuing, and that the plaintiff was entitled to the diminished rental value of his property as damages for the wrong. The court sustained this view of the case, and received evidence and charged the jury accordingly. Defendant duly excepted. Plaintiff had a verdict. Defendant moved for a new trial, assigning as error that an incorrect rule of damages was applied; it being contended that the injury and damage to plaintiff was permanent, and that the difference in value before and after was the proper rule of damages. The trial court sustained defendant, and held that the rulings upon the trial were erroneous, and granted a new trial. Plaintiff appealed.

The only question presented is whether the trespass complained of is permanent or continuing. The result of our examination of the subject and of the authorities is that the injury is permanent, entitling plaintiff to recover in one action all damages suffered in consequence of the wrong. A permanent injury to real property, as distinguished from a temporary or continuing injury, is one of such a character and existing under such circumstances that it will be presumed to continue indefinitely. A temporary, or continuing injury is one that may be abated or discontinued at any time, either by the act of the wrongdoer, or by the injured party.

The injury here complained of is the act of defendant in making the excavations in the street; not in acts committed from day to day in doing the work, but the wrong resulting from the completed act. One of the streets excavated was left practically upon the grade as established by the city. This is permanent, at least presumably permanent, from the facts disclosed. It is not at all probable that the grade of the street will ever be restored to the natural level of the land, and neither defendant nor plaintiff could lawfully go thereon and restore the same to its former condition. The contention of plaintiff that defendant could be compelled to do this is clearly not sound. The authority conferred upon the municipality over the

streets thereof is supreme, and any wrongful interference therewith by third persons constitutes a trespass or a nuisance, as the case may be, of which, as a general rule, only the public can complain. No suit could be maintained to compel defendant to restore this street to its natural condition, unless the city was made a party, in which event it is manifest that the city would interpose in defense its authority over the street, and successfully contest the relief sought on the ground that the street was at an established grade and ought not to be disturbed. While no grade has ever been established for Robie street, it seems certain that that thoroughfare will be made to correspond to the connecting street grades established for Livingston avenue and Gorman avenue. In this situation, and with no present or remote prospect that either of the streets will ever be restored to their former level, the injury complained of must be held permanent. The facts bring the case within the rule laid down in Baldwin v. Chicago, M. & St. P. Ry. Co. 35 Minn. 354, 29 N. W. 5.

Counsel called in question the soundness of that decision, but we discover no sufficient reason for departing from it. It seems in harmony with the general principles of the law on the subject, and we follow and apply it. See, also, Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027. In the case of Harrington v. St. Paul & S. C. Ry. Co. 17 Minn. 188 (215) cited by plaintiff, the wrong complained of was the continuous operation of trains, and not the act of defendant in constructing its road in the street. The injury involved in Aldrich v. Wetmore, 56 Minn. 20, 57 N. W. 221, and Jungblum v. Minneapolis, N. W. & S. W. R. Co. 70 Minn. 160, 72 N. W. 971, was continuing in character, and one that could be abated and discontinued at any time. Those cases are not in point.

Our conclusion, therefore, is that the injury here shown is of a permanent character, and the measure of plaintiff's damages is the diminution in the market value of his property.

Order affirmed.