STINES v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

1. PLEADING (§ 52*)—COMPLAINT—SEPARATE STATEMENT OF CAUSES OF ACTION.
    If the facts alleged in the complaint showed that plaintiff has two or more distinct rights and that each has been invaded, or that defendant has committed two or more separate wrongs, there is a union of several causes of action, which should be separately stated and numbered.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

2. PLEADING (§ 52*)—COMPLAINT—SEPARATE STATEMENT OF CAUSES OF ACTION.
    The complaint alleged that plaintiff's realty was injured in the construction by defendant subway company of additional stairways, exits, etc., by causing to be erected and maintained in front of and adjacent to plaintiff's premises structures, machinery, etc., so as to injure their property, and also allege that defendant by the permanent erection and maintenance of such stairways, exits, etc., had injured the property. *Held,* that the complaint alleged two separate causes of action, one grounded on the temporary obstructions incident to building the stairways, etc., and the other in maintaining permanent obstructions before plaintiff's property, which must be separately stated and numbered.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

3. ACTION (§ 45*)—JOINDER.
    Under Code Civ. Proc. § 484, permitting plaintiff to unite in two or more actions for injury to real property, an action for damages for temporarily injuring plaintiff's property by erections, structures, machinery, etc., on a street adjacent to it, in constructing a subway, could be joined with one for injuring it by erecting permanent stairways, exits, etc., for the subway.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–383, 385–448; Dec. Dig. § 45.*]

Appeal from Special Term, Kings County.

Action by Burton F. Stines against the City of New York and another, the Rapid Transit Subway Construction Company, and the In-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terborough Rapid Transit Company and others. From an order refusing to require plaintiff to serve an amended complaint, certain defendants appeal. Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Alfred E. Mudge, of New York City, for appellants.

Alfred J. Gilchrist, of Brooklyn (Jacob Neu, of Brooklyn, and Charles Joseph, of New York City, on the brief), for respondent.

JENKS, P. J. The question presented is whether the defendants are entitled to invoke section 483 of the Code of Civil Procedure which provides that:

"Where the complaint sets forth two or more causes of action, the statement of the facts constituting each cause of action must be separate and numbered."

[1, 2] The contention is that the pleader has set forth two causes of action in the first seven paragraphs of his amended complaint. In Payne v. N. Y., S. & W. R. R. Co., 201 N. Y. 436, 95 N. E. 19, the court, after comment that the Code does not define a single or separate cause of action, says that there is no more technical and scientific definition than that of Pomeroy in his Code Remedies, and quotes the language of that author as follows:

"If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action. * * * On the other hand, if the facts alleged in the pleading show that the plaintiff is possessed of two or more distinct and separate primary rights, each of which has been invaded, or that the defendant has committed two or more distinct and separate wrongs, it follows inevitably, from the foregoing principle, that the plaintiff has united two or more causes of action."

Pomeroy further writes, in section 456:

"If the single primary right should be invaded by two distinct and separate legal wrongs, * * * two causes of action would result."

Application of these criteria convinces me that the appellants' contention is right. The plaintiff complains of injury to his realty in that, in the construction of additional stairways, exits, and entrances to the railway system known familiarly as the subway, the defendants from May 1, 1910, until March 15, 1911, "caused to be erected, maintained, and operated" upon the surface of the streets and on the sidewalk in front of and adjacent to plaintiff's premises structures, engines, steam boilers, toolsheds, workshops, derricks, fences, and buildings, and thereby and in the prosecution of construction worked injury to his property rights. And plaintiff complains that the defendants by the permanent erection and maintenance of such stairways, exits, and entrances have injured his premises and his rights appurtenant thereto. Thus I think there is pleaded two distinct and separate legal wrongs— one temporary and incident to the work of building the stairways, exits, and entrances, and the other permanent, in that the existence and maintenance of the stairways, exits, and entrances is an injury to his property rights.

The respondent contends that all of the defendants are answerable for both torts, and that both torts arose out of one transaction—i. e., the building and maintenance of these stairways—but even so it does not follow that he has pleaded but one cause of action.

[3] There can be no objection to the joinder of such causes of action. Section 484, Code of Civil Procedure; 14 Encyclopedia of Pleading and Practice, 1115, citing Hodges v. Hodges, 5 Metc. (Mass.) 205; Aldrich v. Wetmore, 56 Minn. 20, 57 N. W. 221.

The order must be reversed, with $10 costs and disbursements, and the motion must be granted, with $10 costs. All concur.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.