(157 App. Div. 407.)

WOOD v. NEW YORK INTERURBAN WATER CO.

(Supreme Court, Appellate Division, Second Department. June 13, 1913.)

1. PLEADING (§ 52*)—COMPLAINT—CAUSES OF ACTION.

A complaint in an action against a public service water supply company by a customer, which alleges that the company threatens to cut off his supply unless he agrees to pay rates higher than those provided in a contract between the company and the city for the benefit of its inhabitants, and that there has been such a change of circumstances since the contract that the rates therein are unreasonably high, and which asks that reasonable rates be determined judicially, sets forth two separate causes of action, and defendant is entitled to have them set forth separately.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WATERS AND WATER COURSES (§ 201*) — WATER COMPANIES — CONTRACTS WITH MUNICIPALITIES FOR BENEFIT OF INHABITANTS—ENFORCEMENT.

Where a contract between a public service water supply company and a city for the benefit of its inhabitants is in force, an inhabitant has a primary right to enforce it, and can maintain an action therefor.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 275; Dec. Dig. § 201.*]

3. WATERS AND WATER COURSES (§ 203*)—WATER SUPPLY COMPANIES—RATES.

A customer of a public service water supply company has a right to reasonable rates for water independent of any contract between the company and the city for the benefit of its inhabitants.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 289, 290–299; Dec. Dig. § 203.*]

4. PLEADING (§ 52*)—COMPLAINT—SEPARATE CAUSES OF ACTION.

Where a complaint alleges an invasion of two separate and distinct primary rights, two causes of action are set forth, though intermingled in form.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, Westchester County.

Action by Joseph S. Wood against the New York Interurban Water Company. From an order denying a motion for an order to make the complaint more definite and certain, defendant appeals. Reversed and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Charles P. Blaney, of New York City, for appellant.

Frank A. Bennett, of Mt. Vernon, for respondent.

CARR, J.   The plaintiff is a resident of the city of Mt. Vernon, and procures his water supply for domestic uses from the defendant, which is a public service water supply company. He complains that the defendant has threatened to cut off his supply of water unless he agrees to pay therefor at rates advanced by the defendant about 33⅓ per cent. higher than those provided to be charged under a contract between the defendant and the city of Mt. Vernon for the benefit of its inhabitants, which was made in 1898, and which, as he alleges, is still in force. The complaint further alleges that there has been such a change of circumstances since the making of the contract that the rates therein prescribed have become unreasonably high, and relief is sought that the reasonable rates or charges should be determined judicially. The question arises whether the complaint sets forth two separate causes of action, and, if it does, then the defendant demands that they should be stated and numbered separately, as required by section 483 of the Code of Civil Procedure.

[1, 2] It seems clear to me that the complaint does set forth two separate causes of action, because it alleges a threatened invasion of two distinct primary rights of the plaintiff. If the contract is still in force, then the plaintiff has a primary right for its enforcement, and can maintain an action accordingly under its provisions. Pond v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958, 5 Ann. Cas. 504.

[3] Whether or no it be in force, the plaintiff has another and distinct primary right which arises from the inherent nature of the duties of a public service corporation towards the public, and this right may be asserted independently of the contract in question. City of Mt. Vernon v. New York Interurban Water Co., 115 App. Div. 658, 101 N. Y. Supp. 232.

[4] Where there is an alleged invasion of two separate and distinct primary rights set up in a complaint, then two causes of action are set forth though intermingled in form. Stines v. City of New York, 154 App. Div. 276, 138 N. Y. Supp. 962. The defendant was entitled to have these separate causes of action set forth separately in the complaint, and it was error for the learned court at Special Term to deny defendant's motion for such relief.

The order is reversed, with $10 costs and disbursements, and the motion is granted, with $10 costs. All concur.