## JOHN KARST *vs.* ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

### August 18, 1875.

**Power of City to Change Grade of Street.**—Under the charter of the city of Stillwater (Sp. Laws 1870, ch. 3,) the right to establish the grade of a street, in the sense of determining what such grade shall be, is implied and included in the general authority to make, grade, repair and improve streets. This right is continuing—that is to say, the power of exercising it is not exhausted, with reference to a particular street or portion thereof, by its first exercise in establishing the grade of such street or portion, but may again, and as often as the public good requires, be exercised anew, though the result be to change a previously established grade.

**Same—How Exercised—Not Restrained by Agreement with Defendant.**—Defendant in this case claimed that under certain proceedings of the city council of the city of Stillwater said city had authorized defendant to excavate a certain street to a previously established grade, known as the "Delano grade," and to use a portion of the same for its road-bed, and to use the materials excavated for the construction thereof, all in consideration of certain undertakings upon defendant's part. The proceedings referred to disclosing no agreement to refrain from· changing the grade, *Held,* 1. That it was competent for the city council to change said Delano grade so as to deprive defendant of the right to excavate according to the same. 2. That this change was effected by a resolution of the city council authorizing the city surveyor to establish stakes for a temporary grade of said street, etc., and by the action of the surveyor in obedience to such resolution.

**Measure of Damages for Removal of Soil.**—For unlawful excavation, and removal of his soil, a party is entitled to recover, not the cost of refilling, but the amount of the diminution of the value of the property injured by such excavation and removal.

**Same—Special Damages for Loss of Use of Premises.**—For special injury to his use and occupation of premises injured, a party is entitled to recover only the damages accruing for such length of time as will afford him a reasonable opportunity to put a stop to the same.

Appeal by defendant from an order of the district court for Washington county, *Crosby*, J., presiding, refusing a new trial.

The cutting in front of plaintiff's lots was made by defendant in May, 1872. The proceedings of the city council of Stillwater, under which defendant acted, and which it claimed amounted to a contract from which the city could not withdraw, were as follows: On October 6, 1871, the defendant petitioned the council for leave " to grade Main street to the established grade, and use the materials so removed in the construction of its road-bed on the east side of said street, and further to use a portion off the east side of said street for the building of said road, in no place to encroach upon said street with the slopes of their road, so as to leave a less width of street than forty feet between the west line of the said street and the slope to their road-bed; said company hereby proposing, in consideration of said permission, to place a substantial fence on the line between their road and the street, as provided in a former agreement with your honorable body. The grade of said street and the line of the same to be determined by the city surveyor." On the same day the council by vote granted the application. All other material facts are stated in the opinion.

*John B. & W. H. Sanborn*, for appellant.

*James N. Castle*, for respondent.

BERRY, J. Plaintiff was owner of a lot on the west side of, and abutting on, Main street, (so called,) a public street in the city of Stillwater. Defendant made an excavation in

the street between the centre line thereof and the front line of the lot. This action is brought to recover damages for the excavation. Defendant attempts to justify under certain proceedings of the city council of the city of Stillwater, by which, according to defendant's construction, the city authorized the defendant to excavate the street in front of plaintiff's lot to the grade thereof established by the city council, in 1858, known as the "Delano grade," and to use a portion of the street, east of the centre line thereof, for its road-bed, and to use the material excavated for the construction thereof, all in consideration of certain undertakings upon defendant's part.

Defendant's claim is that the effect of the proceedings of the city council, and of its own undertakings, was to create a contract between the defendant and the city, whereby the defendant acquired the right to excavate to the Delano grade, and to use the material excavated for the purposes above mentioned, and that this right, being a contract right, could not be impaired by any subsequent action on the part of the city; in other words, that it was not competent for the city to change the Delano grade, as the plaintiff claims that it was changed, so as to deprive the defendant of the right to excavate in accordance therewith.

But in our opinion this position is not tenable. The charter of the city of Stillwater is found in Sp. Laws 1870, ch. 3, by § 2 of sub-ch. 4 of which it is provided that the city council shall have authority, by ordinance, resolution or by-law, to grade, repair, or otherwise improve or keep in repair streets, and, by § 6 of the same sub-chapter, that the city council shall have power to order and contract for the making, grading, repairing and improving of the streets. Neither the present charter nor the old charter, (Sp. Laws 1858, ch. 28,) under which the Delano grade was established, contains any provision, in terms, authorizing the establishment of the grade of a street, or in any way defining the effect of the establishing of the same. But the right to

establish a grade, in the sense of determining what the grade shall be, is clearly implied and included in the general authority to make, grade, repair and improve streets. Upon the exercise of this power the charter imposes no limitation, and there is, therefore, no reason why it should not be regarded as a continuing power—that is to say, a power which is not exhausted—with reference to a particular street or portion thereof, by its first exercise in establishing the grade of such street or portion, but, notwithstanding such first exercise, may again, and as often as the public good requires, be exercised anew, though the result be to change a previously established grade ; and this view is sustained by many authorities.   See 2 Dillon Mun. Corp. § 543, and cases cited.

Whether it would be competent for the city council to bind the city by any contract by which the right to change a grade should be surrendered, it is not necessary in this case to enquire, for the proceedings upon the part of the council upon which defendant relies disclose no promise or agreement, either express or implied, to abstain from making such change.   It was, therefore, competent for the city council to change the " Delano grade " in this instance, so as to deprive the defendant of any authority which it might have had, under the arrangement with the city, to excavate according to the same, this arrangement being subject to the authority of the council to change a grade, in the absence (at any rate) of a stipulation to the contrary.   This change was, in our opinion, effected by the resolution of October 17, 1871, which was adopted before the defendant commenced excavating, and which provides " that the city surveyor is hereby authorized to establish stakes along Main street, between Butler & Gray's warehouse and Hersey, Bean & Co.'s mill, for a temporary grade, and mark the stakes, indicating the greatest cut four feet, and so graduate the cut each way from the highest point as in his judgment may seem proper," and by the acts of the sur-

veyor in obedience to the resolution. The effect of this resolution, when carried out by the surveyor, was to establish the grade for the time being—that is to say, to establish the grade as indicated until otherwise ordered by the proper authority.

As to defendant's point, that no notice was ever given it of the change of grade, if notice was necessary (as we do not think it was) to take away the right to grade according to the Delano grade, the case discloses evidence from which the jury might find that timely notice was, in fact, given by the city surveyor.

From these conclusions it follows that, so far as the case shows, the defendant's attempted justification is insufficient.

The court below instructed the jury that "the defendant had the right to enter and remove earth from the street so far as it was authorized to do so by the city council, and no farther," adding that "if you find that the city surveyor set and marked stakes indicating the grade, in accordance with the resolution of the city council, adopted October 17, 1871, then the defendant was authorized to remove earth to the grade so indicated. If you find that fact, and that the defendant removed earth from the street in front of the plaintiff's property below that grade, its acts in so doing were wrongful, and the plaintiff is entitled to recover what damage he has sustained by reason of the removal of the earth below the grade. The rule of damages in such a case is the cost of filling up the street to the grade to which the defendant was authorized to excavate, and, in addition thereto, the damage the plaintiff has sustained in the use and occupation of his property by reason of the removal of the earth below the point to which defendant was authorized to remove it, between the date of such removal and the commencement of this action."

The defendant's objections to that part of the charge relating to the right to recover the damages sustained by the removal of the earth below the grade fixed by the city

surveyor, under the resolution of October 17, are disposed of by what we have before said. The rule of damages laid down by the court is wrong. For unlawful excavation and removal of his soil, a party is entitled to recover, not the cost of refilling, but the amount of the diminution of the value of the property by the excavation and removal, that being the amount of the injury directly resulting from the acts complained of. Sedgwick on Damages, 134–5, and notes ; *McGuire* v. *Grant*, 1 Dutcher, 356. For any special injury to his use and occupation, a party is entitled to recover only the damages accruing for such length of time as will afford him a reasonable opportunity to put a stop to the same. *Loker* v. *Damon*, 17 Pick. 284 ; *Ludlow* v. *Yonkers*, 43 Barb. 493. It is hardly necessary, perhaps, to add that neither the instructions of the court below, nor the views which we express, have reference to any question of punitive damages.

For these errors in the rule of damages given to the jury the order denying a new trial must be reversed.