JOHN KARST *vs.* ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

March 20, 1877.

**Measure of Damages of Abutter for Removal of Soil from Street—Burden of Proving his Right to Refill.**—This is an action for damages, for injury occasioned to plaintiff's premises by an unauthorized excavation, by defendant, of a public street in front thereof. *Held,* that if defendant claims that plaintiff is not entitled to damages for the full amount of the diminution of value suffered by his property, in consequence of the excavation as it is, because that excavation can be refilled at an expense less than the amount of such diminution of value, it is for defendant to establish this claim; and, in order to establish the same, it must necessarily be made to appear that the plaintiff has the right to refill.

Appeal by defendant from an order of the district court for Washington county, *Crosby*, J., presiding, refusing a new trial. A former appeal in the action is reported, 22 Minn. 118.

*A. B. Stickney* and *L. R. Cornman*, for appellant.

*James N. Castle*, for respondent.

BERRY, J. Plaintiff was owner of a piece of land in the city of Stillwater, with the dwelling-house thereon. Defendant, having been authorized by the city to excavate a public street, running in front of plaintiff's premises, so as to bring it to the established grade, exceeded its authority, and excavated the same so as to bring it to a grade three and twenty-three one-hundredths feet below the established grade. The plaintiff claimed that, in consequence of the

v.23m—26

unauthorized excavation, his premises were rendered inaccessible, and greatly damaged. The only question submitted to the jury was as to the amount of damages which the plaintiff was entitled to recover by reason of the unauthorized excavation of three and twenty-three one-hundredths feet.

With reference to the doctrine that the owner of land abutting upon a public street is presumably owner of the street to its centre, this court, when this action was here before, at April term, 1875, laid down the rule that, "for unlawful excavation and removal of his soil, a party is entitled to recover, not the cost of refilling, but the amount of diminution of the value of the property by the excavation and removal." 22 Minn. 118, 123. In accordance with this rule of damages, the case was given to the jury by the court below, with the further instruction that this was not a case for exemplary damages. The plaintiff had a verdict for $768, and there was testimony in the case reasonably tending to show a diminution in the value of his property to that amount, by reason of the excavation. There was uncontradicted testimony in the case going to show that the excavation (so far as it was made without authority) could have been refilled, and the plaintiff's premises placed in the same condition as if the unauthorized excavation had not been made, for less than $90. The defendant, therefore, insists that the verdict was excessive, and not justified by the evidence.

The defendant argues that, while it is true that the rule of damages for the unlawful excavation and removal of one's soil is not the cost of refilling, it is equally true that damages in any such case to an amount exceeding the cost of restoring the property to its former condition, together with the loss (which it insists was, at most, merely nominal in this case) resulting from the excavation and removal, during a sufficient length of time to afford reasonable opportunity to effect such restoration, must be something more

than the compensatory damages to which alone the plaintiff was entitled, upon the facts of the case, and the instructions of the court in reference to exemplary damages.

If the plaintiff had the right to refill the unauthorized excavation, and restore the street to the condition in which it was before such excavation was made, we are by no means prepared at this time to say that the defendant's position and reasoning would not be correct. But if it is claimed that the plaintiff is not entitled to recover damages to the full amount of the diminution of value suffered by his property in consequence of the excavation as it is, because that excavation can be refilled at an expense less than the amount of such diminution of value, it is for the defendant to establish this claim; and, in order to establish it, it must necessarily be made to appear that the plaintiff had the right to refill. This fact does not appear in this case; for, although the plaintiff owns the strip of land in which the excavation was made, it is a public street. Now, for the purposes of this case, it may be granted that, if the excavation had created an obstruction in the street, or had in any way rendered it impassable, it would be competent for the plaintiff to remove the obstruction, or to put the street in a condition to be used by the public. See *Hunt* v. *Rich*, 38 Me. 195. But if, notwithstanding the excavation, the street is unobstructed, and in good condition for public travel, it could not be competent for the plaintiff— certainly not without leave from the city authorities—to fill the excavation, if the effect of such action on his part would be to obstruct the street and render it impassable. For aught that appears in this case, such would have been the effect of the filling of the unauthorized excavation by the plaintiff. It does not, then, appear that the plaintiff had the right to refill, neither does it appear that the city authorities would allow him to do it. Upon this state of facts we are of opinion that the verdict was justified by the evidence.

Order affirmed.