CHRISTOPHER CARLI *vs.* UNION DEPOT, STREET RAILWAY & TRANSFER COMPANY.

May 16, 1884.

**Trespass—Railroad Company—Unlawful Entry on Alley—Damages.—** This is an action for damages alleged to have accrued to plaintiff as owner of certain business lots, across which ran a public alley, (affording valuable access to the same,) in consequence of the defendant's alleged wrongful and unlawful entering upon the alley against plaintiff's protest, and constructing and maintaining along the entire length thereof a line of railway track, and running cars thereon, so as to render any other mode of travel along the alley difficult and dangerous, and at times nearly impossible, and to damage and depreciate the value, use, enjoyment, and occupation of plaintiff's property.

**Same—Measure of Damages for Injury not Permanent.—** The complaint alleging no *facts* showing that the alleged wrongful acts of defendant worked any *permanent* injury to plaintiff's property, *held,* that the proper measure of actual damages is that laid down in *Brakken* v. *Minn. & St. Louis Ry. Co.,* 29 Minn. 41, *S. C.* 31 Minn. 45, viz., the difference between the fair rental value of the plaintiff's property with the railway track constructed, maintained, and used upon it, and its rental value without such track. Such damages would, however, accrue to plaintiff only while he owned the property affected, and not as to any part of it of which his lessees were in possession during all the time between defendant's entry upon the alley and plaintiff's sale of the property.

**Same—Punitive Damages.—** In actions of trespass to real estate, punitive or exemplary damages can properly be awarded only where the trespass appears to have been wanton, wilful, or malicious.

**Practice—Amending Complaint.—** The refusal of certain amendments of his complaint, prayed for by plaintiff, considered and upheld.

Appeal by plaintiff from an order of the district court for Washington county, *Crosby,* J., presiding, refusing a new trial, after verdict in his favor of $1. The amendments of the complaint asked by plaintiff, and refused, were substantially as follows: (1) increasing the amount alleged to have been expended by plaintiff in making and maintaining the alley, from $2,000 to $3,000; (2) adding to an aver-

ment that, owing to defendant's unlawful acts, the plaintiff was compelled to and did sell his property for $2,000 less than it was worth but for defendant's acts, the following, "that the said property was depreciated in value to that amount;" (3) an averment of the amounts expended and to be expended in prosecuting a suit to restrain the alleged illegal acts of the defendant.

This injunction suit is reported as *Carli* v. *Stillwater Street Ry. & Transfer Co.*, 28 Minn. 373.

*J. B. Brisbin*, for appellant.

*Marsh & Searles*, for respondent.

BERRY, J.[1]  The complaint alleges that plaintiff was owner of certain business lots in the city of Stillwater, across which ran a public alley, called Stimpson's alley, affording valuable access to plaintiff's said property; that plaintiff has expended large sums of money, to wit, more than $2,000, in making, grading, and maintaining said alley, for the purpose of securing an easy and feasible route to and from his said lots; that on or about August, 1878, defendant wrongfully and unlawfully entered upon said alley, against plaintiff's protest, and then and there, along the entire length thereof, constructed a line of railway track, which it has ever since maintained and has ever since used for the daily transportation of large numbers of cars; that the construction of said track as aforesaid, and the running of the cars thereon as aforesaid, render any other mode of travel along said alley at all times difficult and dangerous, and at times nearly impossible, and have damaged and depreciated at all times largely the value, use, enjoyment, and occupation of the said property of plaintiff; that on or about May 19, 1879, plaintiff sold the fee of his said property, reserving to himself all rights or claims which he then or might thereafter have for the "use, occupation, trespass, taking of, and damage to" said property by defendant as aforesaid; that, owing to said wrongful and unlawful acts of defendant, the plaintiff was compelled to and did sell his said property at a much less price than the same was worth but for said acts of defendant, viz., in the sum of $3,000; that said acts of defendant were and are a nuisance to this plaintiff in the premises,

---

[1] Dickinson, J., because of illness, took no part in this decision.

and the use and occupation of said property; that, by reason of the several matters herein before alleged, the plaintiff has been damaged in the sum of $5,250.

The complaint alleges no *facts* showing that the wrongful acts of the defendant worked any permanent injury to plaintiff's property; hence the proper measure of actual damages was that laid down in *Brakken* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 41, S. C. 31 Minn. 45, viz., the difference between the fair rental value of the plaintiff's property with the railway track constructed and maintained and used upon it, and its rental value without such track. These damages would, of course, accrue only while plaintiff owned the property, and not as to any part thereof of which lessees of the plaintiff were in possession during all the time between the entry of defendant upon the alley and plaintiff's sale of the property. It follows that the questions addressed to Esaias Rheiner were properly excluded as calling for an estimate of *permanent* damages to the plaintiff's property. The fact that the trial court *subsequently* admitted testimony *pro* and *con* upon the question of permanent damages to plaintiff's property from the construction and maintenance of the track, has no tendency to make the exclusion erroneous. Properly speaking, permanent damages were not, upon the pleadings, recoverable in this action. *Brakken* v. *Minn. & St. Louis Ry. Co., supra; Adams* v. *Hastings & Dakota R. Co.*, 18 Minn. 236, (260;) *Hartz* v. *St. Paul & S. C. R. Co.*, 21 Minn. 358. This case and the case of *Karst* v. *St. Paul, S. & T. F. R. Co.*, 22 Minn. 118, and 23 Minn. 401, are distinguished in respect to the character of the injuries respectively complained of.

The trial court appears to have fallen into some confusion as to the nature of the issues properly involved in the case as respects the matter of damages, and accordingly to have admitted, against defendant's objection, evidence of the *amount* (explained in money) of the permanent damages to plaintiff's property resulting from defendant's acts complained of. Permanent damage was not only not within the issues, but, so far as the bill of exceptions shows, the evidence offered of *facts* constituting such damage was excluded. In these circumstances we do not perceive upon what substantial ground the

plaintiff can complain of the "subdivision," in the charge of the court, of the supposed elements of damage.

The jury were properly instructed that this was not a case for punitive or exemplary damages. In actions of trespass, such damages are properly awarded only where the trespass appears to have been wanton, wilful, or malicious,—a *conscious* violation of the rights of the party trespassed upon. Bouv. Law Dict. "Malice;" *Berthold* v. *Fox,* 13 Minn. 462, (467;) *Boetcher* v. *Staples,* 27 Minn. 308; *Lynd* v. *Picket,* 7 Minn. 128, (184;) *Wills* v. *Noyes,* 12 Pick. 324; 1 Sutherland on Damages, 724. There is no allegation in the complaint that the acts of the defendant were wanton, wilful, or malicious; and, so far as the bill of exceptions shows, no evidence that they were such was offered or received.

The amendments of the complaint for which the plaintiff asked were properly refused. In any event the refusal would not be error unless it was an abuse of discretion. But, irrespective of this, the first amendment proposed was not only immaterial, but, if it had not been, its matter would have been admissible under the allegation (proposed to be amended) as it stood. From the views which we have before expressed, the second amendment proposed, in the absence of allegations of *facts* upon which to base it, was wholly immaterial. If the *facts* showing permanent damage had been properly alleged, then the general allegation of the money amount of damage would have covered the proposed amendment. The matter of the third proposed amendment could only have been admissible (if at all) upon a question of punitive or exemplary damages, such as was not involved in this case.

This disposes, we believe, of the substantial matters presented by the case, and, as the result, the order denying a new trial is affirmed.