## Ulrick v. Dakota Loan & Trust Co.

The former opinion of the court referred to, and *held* to fairly cover and dispose of questions discussed in petition for rehearing. Opinion adhered to, and application for rehearing denied.

2 S. D. 285, affirmed.

(Syllabus by the Court. Opinion filed April 5, 1892.)

Appeal from district court, Codington county.

This case was decided at the October term, 1891, of the court, and is reported in 2 S. D. 285. Appellant petitions for a rehearing. Application denied and the former opinion adhered to.

*Van Buskirk & Weeden*, for appellant.

If the manner in which the excavation was made was not the proximate cause of the injury the plaintiff cannot recover. Palch v. City, 66 Am. Dec. 186; Tutein v. Hurley, 98 Mass. 211; McDonald v. Snelling, 96 Mass. 290; Insurance Co. v. Tweed, 7 Wall. 44; Railroad v. Kellogg, 94 U. S. 469; Sheffer v. Railroad, 105 U. S. 249; Hoag v. Railroad, 85 Pa. St. 293; McClary v. Railroad, 3 Neb. 41; Denny v. N. Y. Cent. 13 Gray, 481; Morris v. Davis, 20 Pa. St. 171.

The plaintiff to recover in this case must show that the land would have fallen or fell in by its own weight and not from that of the superstructure. Smith v. Thackerah, L. R. 1 C. P. 564; Stevenson v. Wallace, 27 Grat. 87; Dodd v. Holme, 1 A & El. 493;

Hide v. Thornboraugh, 3 Car. & K. 250; Elliott v. Railroad, 10 H. L. Cas. 333; Patridge v. Scott, 3 Mel. & W. 220; Gilmore v. Driscoll, 122 Mass. 220; Thurston v. Hancock, 12 Mass. 199; Lasala v. Holbrook, 4 Paige, 169; Napeer v. Bulwinkle, 5 Rich. 311; Wyatt v. Harrison, 3 Barn. & Adolp. 837; Palmer v. Fleshees, 1 Sid. 167; Gayford v. Nichols, 9 Ech. 702; Rogers v. Taylor, 2 H. & N. 828; Busby v. Holthouse, 46 Mo. 161.

The plaintiff can only recover compensation; that is, the amount necessary to replace the damages. Vermilyea v. Railroad, 66 Iowa, 606; Sobine v. Joachimi, 58 Tex. 456; Willey v. Hunter, 57 Vt. 479; Carli v. Union, 32 Minn. 101.

*Seward & Stover,* for respondent.

KELLAM, P. J.    This case was decided at the October term, 1891, of this court, and is reported in 2 S. D. 285. Appellant asks for a rehearing for the purpose of urging upon the attention of the court that, if any negligence whatever was shown on the part of appellant, it was not such negligence as was complained of in the complaint, nor such as would make appellant liable for ensuing damages; and, further, that an incorrect measure of damages was adopted by the trial court, and approved by this court. We will examine the complaint and the evidence only far enough to see if the court has fallen into the errors suggested. The complaint is that "defendant (appellant) wrongfully and negligently * * * excavated the land adjacent and contiguous to plaintiff's said land, * * * and removed the earth therefrom, without leaving sufficient lateral support for the plaintiff's said land and building; * * * that defendant did so make such excavation as aforesaid, without using proper and ordinary care and skill in so doing, and without taking reasonable precaution to sustain the plaintiff's said land and building; that by reason of the excavation made as aforesaid, and the lack of support to plaintiff's said land and building caused thereby, the stone walls under said building sank and gave way," etc. The evidence most directly tending to show negligence, if any, and that upon which the verdict undoubtedly rested, was that after the excavation was substantially done, but still open, awaiting the masons, with trenches for the footing courses of appellant's wall, dug along and by the side of respondent's wall,

it was left in such condition that water ran in from the street outside, and so soaked up and softened the earth by which respondent's wall was supported that it settled, and gave way, causing the damage complained of. In our former opinion we meant to be understood as holding that in the excavation of this work appellant owed a duty to respondent as a coterminous owner; that that duty extended not only to the digging up of the earth and hauling it away, but to the care of the excavation during the progress of the work. Whether so leaving the excavation open to the influx of water was such negligence as would make appellant liable, depends upon circumstances. The circumstances were left to the jury under an instruction which we think fairly stated the law. They were told that while appellant could not, in general, be held liable for injury caused by an unusual and excessive rain, yet if the rain itself would not have run into the excavation in sufficient quantity to cause damage, except for the careless and negligent conduct of appellant in leaving the same exposed to the gathered inflow of water from the street and gutter, appellant might be liable. We think this was correct law. Suth. Dam. pp. 20-28; Pittsburgh City v. Grier, 22 Pa. St. 54; Higgins v. Dewey, 107 Mass. 494.

It is further suggested that the court below erred in allowing the plaintiff to testify that no notice, either oral or in writing, was given him by defendant of its intention to excavate, for the reason that it appeared that plaintiff was fully informed of such intention, and consequently no notice was necessary. In the assignment of errors we do not find this complained of, but if error, and properly assigned, it would not be important, as the court expressly instructed the jury that if from the evidence, they should find that plaintiff knew that such excavation was to be made, no further notice was necessary. The petition for rehearing also urges that both this court and the trial court erred in adopting an incorrect measure of damages, to-wit, the difference in the value of the property immediately before and immediately after the injury, instead of the correct measure, to-wit, the amount required to restore the property to its former condition. The cases cited in the petition do not convince us that we were wrong. We will

notice them.   In Vermilya v. Railway Co., 66 Iowa, 606, 24 N. W. Rep. 234, plaintiff's meadow had been destroyed by fire set out by defendant; that is, the roots of the grass were so burned that the meadow would not produce grass for mowing.   The trial court instructed the jury that plaintiff was entitled to recover as damage the cost of restoring the meadow to as good condition as it was before the fire.   The supreme court in its opinion says:   "The instruction is correct.   A meadow is in the nature of a permanent improvement, and is not like annual crops.   Its value is largely based upon the fact that it possesses this character, and is not to be planted each year.   It is evident that plaintiff could not be fully compensated for his loss, unless allowed for the value of his meadow, and no more just or reasonable way of determining that value can be suggested than by inquiring as to the cost of restoring it."   Plainly, the question there was whether plaintiff was entitled to recover anything more than the value of the grass destroyed, and having held that he was, and that he might recover the value of the meadow, it is suggested, not as the measure of damage for the injury, for that was already determined to be the value of the meadow, but as a "just and reasonable way of determining that value," to inquire as to the cost of restoring it.   In Willey v. Hunter, 57 Vt. 479, no rule of damages for such a case as the one now before us is attempted to be laid down.   The defendant had raised his dam, and thereby caused the water to set back into plaintiff's cellar, and the court simply held "that, in estimating the damages, it was proper to take into account the damage to the building by reason of dampness, and also the rental value," and that, if "the declaration counted on damage to the house as a structure, under a reference it could be amended so as to recover damage to the rental value."   In Carli v. Union Depot, etc., Co., 32 Minn. 101, 20 N. W. Rep. 89, the opinion says:   "The complaint alleges no facts showing that the wrongful acts of defendant worked any permanent injury to plaintiff's property; hence the proper measure of actual damages was that laid down in Brakken v. Railway Co., 29 Minn. 41, 11 N. W. Rep. 124, viz., the difference between the fair rental value of the plaintiff's property, with the railway track constructed and maintained and used upon it, and its rental value

without such track." Turning to the case referred to, (Brakken v. Railway Co.), it will be seen that that measure of damages was adopted in both cases, because the injury was not permanent, but temporary. The opinion says: "It is the improper manner of construction or the improper condition in which the street was left. that gives rise to plaintiff's right to damages. It is not to be presumed that the street will be suffered to remain for all time in such improper condition. If, therefore, damages shall be allowed to plaintiff on the theory that the present improper state of things is to last, and at any future day the crossing should be put in a proper condition by the company, acting on its own volition, or in pursuance of the requirements of the public authorities, the grounds of the plaintiff's injuries will be removed, while he will have received full damages for its continuance." The court then lays down the rule of damages indorsed in Carli v. Union Depot, etc., Co., cited in appellant's petition, and adds: "The damages to be limited to the time of the commencement of the suit. If the injury shall continue, the plaintiff will be entitled to successive actions for his damages." It can hardly be claimed that the case at bar is such a case. The other authority cited by appellant (Railway Co. v. Joachimi, 58 Tex. 456) is not accessible to us. These cases, as we read them, are not inconsistent with the rule approved in our former opinion, that the general rule for measuring damages caused by a permanent injury to real estate is the diminished value of the property on account of the injury. Seg. Dam. 134, 135; Honsee v. Hammond, 39 Barb. 89; Karst v. Railway Co., 22 Minn. 118; Pacific Exp. Co. v. Lasker Real Estate Ass'n, (Tex. Sup.) 16 S. W. Rep. 792. This was not a transient injury to or destruction of restorable parts of a building only, like the breaking out of window-lights, as illustrated by appellant, but a permanent injury to the property itself. There could be no sinking of the foundation walls, without involving the soil upon and in which they were laid. Seeing no reason for believing that a reargument upon the points suggested in the petition would change the result already reached, the petition for rehearing is denied.

All concur.