SCHOOL DISTRICT NO. 74 v. BOARD OF COM'RS OF LINCOLN
COUNTY *et al.*

1. Laws 1893, pp. 112–115, provide that in counties organized for school purposes under the district system, each school district shall remain a district school corporation, and the boundary lines of any district shall not be altered except as therein provided; that township districts shall be divided, and also created out of districts smaller than civil townships as therein prescribed; that, after the boundary lines of the several school districts in a county are established, they may at any regular meeting be changed by the county commissioners and the county superintendent of schools, on a petition by ten legal voters of the district or districts to be affected, due notice being given to the school boards of such districts; and that, whenever district boundaries shall be changed, the county commissioners and superintendent shall make an apportionment of property and indebtedness. *Held*, that the county commissioners and superintendent have authority to create new districts.

2. In case of the creation of a new district out of parts of several old districts, the petition need not be signed by ten legal voters residing in each of the old districts, but it is sufficient if it is signed by ten legal voters residing in all the old districts affected.

(Opinion Filed, Oct. 28, 1896.)

Appeal from circuit court, Lincoln county. Hon. JOSEPH W. JONES, Judge.

Application for a writ of *certiorari* for the purpose of reviewing and invalidating the action of the board of county commissioners and county superintendent in forming a new school district out of portions of certain existing districts. From a judgment refusing the writ, the applicant appeals. Affirmed.

The facts are stated in the opinion.

*O. S. Gifford,* for appellant.

*M. E. Rudolph,* for respondents.

HANEY, J. This is an appeal from an order denying an application for a writ of *certiorari*, directed to the board of county commissioners, superintendent of schools, and county auditor of Lincoln county, in relation to the formation of a new

school district.   A petition for forming a new district out of
portions of districts Nos. 2, 49 and 74, of Lincoln county,
signed by 41 legal voters of those districts, had been filed with
the county auditor of that county, and notice thereof given to
the several school boards in those districts that the matter
would come up for action at the regular March, 1895, session of
board of county commissioners.   At that time the matter came
up for consideration before the county commissioners and
county superintendent sitting together, as required by law, and
after due consideration, the petition was granted, and a new
school district containing 12½ quarter sections of land from dis-
trict No. 2, and 7 quarter sections from district No. 49, together
with 2 quarter sections from district No. 74, was set off and or-
ganized as a new district, to be known as "District No. 83."
The new district immediately purchased a school  house
site and built a new school house thereon from the proceeds of
$400 in school district bonds voted by the people of the new
district for that purpose, and afterwards hired a teacher who
was conducting school therein with a school population of 38.
On August 26, 1895, nearly six months after the new district
was formed and organized, this proceeding was commenced in
the circuit court for the purpose of reviewing and invalidating
the action of the county commissioners and county superin-
tendent in forming such district.   This proceeding was insti-
tuted by a director of school district No. 74 on behalf of such
district.   By reason of the change of boundaries the sum of
$7.50 in annual revenue is taken from No. 74 and given to the
new district.   The one legal voter residing in the territory
transferred from No. 74 to the new district petitioned for the
change.   Upon the foregoing undisputed facts, the court re-
fused to issue the writ as prayed.

Appellant's first contention is that the commissioners and
superintendent had no power to create a new district.   District
No. 74 was organized in 1882.   Previous thereto Lincoln county
was divided into school districts which continued to exist when

School Dist. No. 74 *v.* Board of Com'rs *et al.* 293

Oct., 1896.] Opinion of the Court—Haney, J.

the action of the commissioners and superintendent complained of was taken. The law of 1893 provides that in all the counties organized for school purposes under the district system at the taking effect of the act each school district shall be and remain a district school corporation, and that nothing therein shall be construed to alter the boundary lines of any school district or of any school township organized prior to its passage except as therein provided. It defines the method of subdividing township districts, and the method of creating township districts out of districts smaller than civil townships. It further provides: "After the boundary lines of the several school districts in a county are established as provided for in the preceding sections of this chapter, such boundaries at any regular meeting may be changed by the board of county commissioners and the county superintendent of schools, upon a petition for such change signed by ten legal voters residing in the district or districts to be affected by such proposed change, due notice having been given by the county auditor to the school boards of the districts to be affected by such proposed change, if in the judgment of the commissioners and the superintendent such change is for the best interests of the patrons of the schools. Provided, that when petition is made for the formation of a district from parts of two or more counties, the commissioners of the said counties may in their discretion appoint a joint commission to establish the boundaries of the proposed district and to adjust all accounts relating thereto. The said joint commission shall appoint the necessary officers in said district. It shall be the duty of the county superintendent of the county in which the school house of said district is located to fill all vacancies that may occur thereafter, to license the teacher for said school and to have supervision of the same. Whenever district boundaries shall be changed under the provisions of this act, it shall be the duty of the county commissioners and the county superintendent to make an apportionment of property and indebtedness as provided in section three (3) of this chapter." Laws 1893, pp.

112–115.   These provisions, construed together, indicate an intention to clothe the commissioners and superintendent with authority to create new districts.   It is reasonable to suppose such was the intention.   Otherwise new districts cannot be created, however imperatively they may be demanded by the changes of population in new and rapidly growing counties. The board and superintendent may act upon a petition signed by 10 legal voters residing in the district or districts to be affected.   This contemplates a change of boundaries which affect only one district.   To change district boundries without affecting more than one district, is impossible, without creating a new district in the one thus affected.   Again, the provision that when petition is made for the formation of a new district from parts of two or more counties, the commissioners of both counties shall act, assumes that, when such a petition is made for the formation of a new district from territory wholly within one county, the commissioners and superintendent of that county are authorized to act.   Such, we believe, was the legislative intent.

It is further contended that the board and superintendent were without authority to act because the petition was not signed by 10 legal voters residing in each of the old districts. This is not tenable.   The meaning of the language employed cannot be thus restricted.   If there is only one district to be affected, there must be a petition signed by 10 legal voters residing therein; if more than one district will be affected by the change, then by 10 legal voters residing therein, not by 10 legal voters residing in each of the districts affected.   We think the board and superintendent did not exceed the authority conferred upon them by the statute, and that the order appealed from should be affirmed.   It is so ordered.