SCHOOL DISTRICT NO. 56 OF LINCOLN COUNTY v. SCHOOL DISTRICT NO. 27 OF LINCOLN COUNTY.

1. Laws 1893. Chap. 78, Subc. 3, Sec. 6, authorizes the special commission composed of the county commissioners, and the county superintendent of schools, to change the boundaries of school districts, and create new ones, after notice by the county auditor to the school board of the districts

to be affected without specifying the manner in which the notice shall be given. *Held*, that a remonstrance to the special commission, signed by the school officers of a district affected, acknowledging receipt of notice regarding the change, is *prima facie* evidence that notice was duly given.

2. The manner in which such notice is given is immaterial.

3. Testimony of the clerk of the school district board that no notice was served on the board "officially" does not rebut the presumption of notice arising from the acknowledgment in the remonstrance.

4. Under Laws 1893, Chap. 78, Subc. 3, Sec. 3, Subd. 2, requiring the county commissioners and county superintendent of schools, at the regular July meeting of the county commissioners, to make an apportionment among the school districts, school districts are not entitled to notice of the time when the apportionment matter would be taken up.

(Opinion filed Nov. 20, 1896.)

Appeal from circuit court, Lincoln county. Hon. J. W. JONES, Judge.

Action by school district No. 56 of Lincoln county, S. D., against school district No. 27 of Lincoln county, S. D. There was a judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*C. B. Kennedy*, for appellant.

There is no power conferred upon the special board to create an independent district out of districts already in existence. § 6, Chap. 114, Laws 1893. See, also, Bank v. School Dists., 6 Dak. 332, 43 N. W. 822. But even if the law does confer such power upon the special board, they could not exercise it in this case for the reason that they did not comply with the act. No jurisdictional facts are set forth in the complaint—neither the petition nor notice to the school board, nor was any notice ever given. Bank v. School Dists., *supra*; Colter v. Board, 26 N. W. 649; Gas v. Van Wagner, 30 N. W. 198; School Dists. v. School Dists., 29 N. W. 489; Graves v. Board, 62 N. W. 60.

*Aikens & Brown*, for respondent.

It is an elementary rule of statutory construction that a proviso will be confined in its application to what immediately precedes it, unless a different intention is apparent from the

act itself.     Sedg. St. & Const. Law, 227 note; 23 Am. & Eng. Encyc. of Law, 436; School Dist. v. Coleman, 58 N. W. 147. By their remonstrance the members of the school board are estopped to deny notice.

Corson, P. J.     This was an action brought by the plaintiff to recover of the defendant the amount the defendant was required to pay the plaintiff, as a new school district, created under the provisions of Sec. 6, Subc. 3, Chap. 78, Laws 1893. Judgment for the plaintiff, and the defendant appeals.

The appellant contends that the judgment of the circuit court should be reversed upon the following grounds: "(1) This special commission had no power to create a new district. (2) No notice was given to the defendant school board of the presentation to the board or the special commission of the filing of the petition. (3) There is no competent evidence of record that any such school district as No. 56 was ever created or that the apportionment was made at an adjourned meeting of which it is claimed there was any notice given."

The first ground relied upon for a reversal is ruled by the decision of this court in the case of School Dist. No. 74 v. Board of Com'rs of Lincoln Co., decided at its last term, and reported in 68 N. W. 746, in which this court held that the special board consisting of the board of county commissioners and the county superintendent of schools was authorized to create a new school district in Lincoln county out of parts of existing districts.     On the trial the only evidence offered to prove the giving of the notice required to be given by the county auditor by the provisions of Sec. 6, *supra*, was a remonstrance purporting to be signed by 28 voters of the defendant district, among whom were the names of the school district officers, and in which was the following recital: "Our clerk has received notice from the county auditor regarding such change [and] at our annual meeting, June 20th, 1893, there was a motion made, and carried unanimously, that we send to your hon-

orable body a remonstrance against such proposed change."
This remonstrane was transmitted to the special board by "E.
W. Norton, district clerk."      To the introduction of this remon-
strance objections were duly made, which were overruled and
exception taken.    This ruling of the trial court, and its finding
made upon the evidence so admitted, and which was duly ex-
cepted to, are assigned as error.

The section referred to provides that the special board
specified may change the boundaries of school districts, at any
regular meeting of the board, "upon petition  *  *  *; due no-
tice having been given by the county auditor to the school
boards of the districts to be affected by such proposed change."
It will be observed that the statute does not prescribe any form
for the notice—whether it shall be verbal or written—the time
when it shall be given, the manner in which proof of the giving
of such notice shall be made, or how or when any record of
such notice shall be made.    In the absence, therefore, of any
specific requirement of the statute as to the manner or mode of
giving the notice by the county auditor, or as to the mode of
proof of the giving of such notice, we are of the opinion that
the remonstrance was *prima facie* evidence that the notice re-
quired was duly given, and the court ruled correctly in admit-
ting it in evidence, and in finding therefrom that such notice
was given.    The evident object and purpose of the notice are
to give to the school district to be affected by the action of the
special board an opportunity to be heard; and where it appears
that the school district board has such notice as to enable it to
prepare for and protest against the action of the special board,
and it does so protest, the purpose of the notice is accom-
plished.    In the case at bar both the district board, by its of-
ficers, and the school district, by its voters, did appear and re-
monstrate against the action of the special board.    So long,
therefore, as the school district had the required notice, as re-
cited in the remonstrance, it was not material as to the manner
in which the notice was given.

The appellant further contends, however, that, if the recitals in the remonstrance constituted *prima facie* evidence of the giving of the notice, this evidence was overcome by the testimony of the three district officers who testified on behalf of the defendant. But, as we view the evidence of the clerk of the board, there is no conflict between his evidence and the recital in the remonstrance, which he admitted was written by himself. E. W. Norton, who transmitted to the special board the remonstrance, says: "There was no notice served upon us officially, whatever, in regard to the changing of our district." The qualification of his evidence by the use of the word "officially" clearly indicates that notice was given to him in some manner by the auditor. We are of the opinion that the findings therefore, of the court, were fully justified by the evidence. As bearing upon the question of what notice is sufficient where no prescribed form of notice is required, see Avant v. Flynn, 2 S. D. 153, 49 N. W. 15; Ulrick v. Trust Co., 3 S. D. 44, 51 N. W. 1023; Novotny v. Danforth (S. D.) 68 N. W. 749. The officers of the board and voters of the district having been heard, and their protest or remonstrance, in which they recite that the clerk of the board was given notice, considered, the district cannot now escape liability upon the technical ground that this was not a proper form of notice.

The last ground relied upon for a reversal is equally untenable. The board of county commissioners is required by law to meet on the first Monday of July, and may adjourn from time to time. Sec. 579, Comp. Laws. And Subd. 2, Sec. 3, Subc. 3, provides that at the regular meeting in July the county commissioners and county superintendent shall make an apportionment. By Sec. 6, *supra*, this subdivision is made applicable to the creation of new school districts under that section. No special notice is required to be given, other than that given by law, and parties wishing to contest the apportionment before the special board must take notice of the meeting of the board, and of its adjourned meetings. While the legislature

might very properly require a special notice of such apportion-
ment to be given, it has not deemed it necessary to do so; and
hence the defendant school district was required, if it desired
to be heard upon the subject of the apportionment, to ascertain
when the board would take the matter up. Having failed to
do so, it is concluded by the action of the board. Finding no
error in the record, the judgment of the circuit court and the
order denying a new trial are affirmed.