CHARLES T. VINE v. CHARLES CASMEY and Another.[1]

April 25, 1902.

Nos. 12,951—(50).

**Exemplary Damages—Pleading.**

In an action for tort, where the alleged wrongful act does not in itself imply malice, the plaintiff must, if he intends to claim exemplary damages, allege in his complaint facts entitling him thereto.

**Same.**

Neither the complaint nor the evidence in this action made a case for exemplary damages.

Action in the district court for Polk county to recover $600 for the conversion of hay. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $230. From an order denying a motion for a new trial, defendant Charles Casmey appealed. Reversed.

*L. E. Gossman,* for appellant.

*Holston & Hagen,* for respondent.

START, C. J.

The complaint herein, so far as here material, is in these words:

[1] Reported in 90 N. W. 158.

The plaintiff, for cause of action, alleges: That on the 15th day of October, 1900, he was the owner and in the lawful possession of sixty tons of hay on section thirty-four in the town of Belgium, Polk county, Minnesota, of the value of six hundred dollars; that on said day the defendants herein unlawfully and wrongfully took, carried away, and converted to their own use the said hay, whereby plaintiff demands judgment against the defendant for the sum of six hundred dollars, with interest.

The separate answer of the defendant Charles J. Casmey denied the allegations of the complaint, except that it admitted that the defendant took and carried away, at the time alleged, from section thirty-four, five tons of hay, of the value of $5 per ton, and affirmatively alleged that he was then the owner, and entitled to the possession thereof. The defendant Jennie Casmey also interposed a separate answer; but, as the action was afterwards dismissed as to her, its allegations are not here material.

On the trial, the plaintiff offered evidence tending to establish the fact that he was the owner of the hay, and that the defendant converted it to his own use. The defendant attempted to show that he was the owner of the hay in question by purchase from the agent of a certain land company; but his evidence was stricken from the record, for the reason that there was no evidence given or offered to show that the land company owned either the hay or the land upon which it grew. The record at the close of the evidence contains no suggestion that the plaintiff did or would claim exemplary damages. The trial court, however, instructed the jury that the plaintiff, in case he had established his ownership to the hay taken away by the defendant, was entitled to recover the value thereof, and added:

"*And if you find that the taking and conversion by defendant was wilful and malicious on the part of the defendant, you may, in assessing damages, give, in addition, punitive damages for the purpose of preventing the defendant and others from doing such things.*"

The defendant excepted to the portion of the charge which we have italicized. The jury returned a verdict for the plaintiff for the sum of $230, and the defendant appealed from an order denying his motion for a new trial.

The decisive question on this appeal is this: Did the trial court err in submitting to the jury the question of exemplary damages? It is the contention of the defendant that it did, for the reason that neither the complaint nor the evidence warranted the instruction. This presents the question whether, in an action for tort, when the alleged wrongful act does not in itself imply malice, the plaintiff must, if he intends to claim exemplary damages, allege in his complaint facts entitling him to such damages. The question has never been directly passed upon by this court, but in Carli v. Union Depot, St. Ry. & T. Co., 32 Minn. 101, 20 N. W. 89, it was impliedly assumed that in such actions the complaint must allege that the acts of the defendant were wanton, or wilful, or malicious, if exemplary damages were claimed.

The mere fact that a party has committed a wrongful and unlawful act affecting the person or property of another does not justify the imposition of exemplary damages in an action to redress the wrong. To justify such damages the tort must have been committed wantonly or maliciously, or with such insult, cruelty, oppression, or gross negligence, or such other aggravating circumstances, as to establish malice in fact. Seeman v. Feeney, 19 Minn. 54 (79); Carli v. Union Depot, St. Ry. & T. Co., supra; Hoffman v. Northern Pacific R. Co., 45 Minn. 53, 47 N. W. 312. This being the basis for the recovery of exemplary damages, it would seem that, in an action where the alleged wrongful act does not in itself imply malice, the plaintiff ought, in fairness, if he seeks to recover more than actual damages, to advise the defendant of his purpose, by alleging in his complaint a case justifying the punishment of the defendant by an award of exemplary damages. It is not necessary in such cases for the plaintiff in his complaint specifically to claim exemplary damages, nor to plead the evidence necessary to establish such a claim, but we do hold that he must allege, as an ultimate fact, the intent or purpose of the defendant in doing the alleged wrongful act; that is, that it was wantonly or maliciously done, or with the purpose of oppressing or insulting the plaintiff, or that the defendant was wantonly negligent.

Tested by this rule, it is too obvious to admit of any extended discussion that the complaint in this action does not make a case

entitling the plaintiff to exemplary damages. It simply alleges that the defendant's act was wrongful and unlawful, but this is not the equivalent of an allegation that the act was wantonly and maliciously done. If the property converted by the defendant belonged to the plaintiff, the former's act was unlawful, and, of course, wrongful, although he may have had good reason to believe, and did honestly believe, that it was his own, and that he was justified in taking it away. Again, the complaint alleges the actual value of the property converted to be $600, which is the exact amount of his alleged damages. The plaintiff, however, claims that the question of exemplary damages was litigated by consent of the parties, and that the evidence clearly made a case for exemplary damages. The record does not justify this claim. It follows that the trial court erred in submitting to the jury the question of punitive damages.

Order reversed, and new trial granted.